Richard Parsons, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1978, before Judges CRUMLISH, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Joseph M. Reibman,* with him *Reibman and Reibman,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, February 9, 1979:

Richard Parsons (Claimant) appeals a denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board). The Board had affirmed the referee and adopted his findings.

The referee found that Claimant was discharged for "(a) breaking the confidence of the President's office, which resulted in an additional cost to the Corporation of $18,000., [and] (b) availing himself of the President's office, without authorization, making copies of payroll records which he passed on to two directors of the Corporation." The referee found that the Claimant's activities constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (e). After a careful review of the record, we are satisfied that there is substantial evidence to support the referee's findings.

It is now well settled that the salient criteria for willful misconduct in cases such as this are: (1) whether Claimant evidenced a wanton and willful disregard of the employer's interests and (2) whether Claimant

disregarded the standards of behavior which an employer can rightfully expect from his employee. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

With respect to Claimant's actions in thwarting a pending stock transaction to the employer's economic detriment of $18,000.00, it is clear to us that behavior of this sort does not conform to the standards which the employer-corporation could rightfully expect from the Claimant. The president testified that the Claimant had been involved in high level decisions of the corporation on a regular basis. In this capacity, Claimant was privy to confidential information. We hold that the corporation had a right to expect that Claimant would keep fiduciary information revealed to him in the course of his employment confidential. In the Board's opinion, Claimant breached that duty, and we conclude that Claimant's actions in this respect constitute willful misconduct. Claimant's attempt to justify his conduct, on the basis that he was really acting in the best interest of the corporation, simply was not accepted by the referee or the Board. That decision was theirs to make and we may not disturb it in the absence of a capricious disregard of competent evidence. *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978).

Claimant does not deny that he entered the president's office without authority and copied payroll records. The president of the corporation testified that these records were under lock and key. Again, we find no difficulty in concluding that such action on Claimant's part did not conform to the standards of behavior which the employer had a right to expect. Claimant's justification was that he was acting in the

best interests of the corporation and again, we hold that it was for the referee and the Board to determine whether such testimony was credible and to resolve any conflicts arising with respect to that testimony. *Geesey v. Unemployment Compensation Board of Review, supra.*

Claimant's contention that *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976) applies to the facts of this case is correct. The difficulty is that Claimant has failed to prove "good cause" for his misconduct. *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979).

ORDER

AND Now, this 9th day of February, 1979, the order of the Unemployment Compensation Board of Review, dated April 25, 1977, denying benefits to the Claimant, Richard Parsons, is affirmed.