Robert L. Underkoffler, Petitioner *v.* Commonwealth of Pennsylvania, State Employes' Retirement Board, Respondent.

Argued April 9, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

Kenneth A. Wise, with him *James E. Tarman* and *Marian E. Frankston,* for petitioner.

*Thomas J. Mangan, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, July 20, 1981:

Robert L. Underkoffler (petitioner) has appealed from a determination of the State Employes' Retirement Board (Board) which denied his claim for disability benefits. We vacate and remand.

The petitioner injured his right knee while working as a heavy equipment operator for the Department of Transportation (Department). This injury prevented him from continuing that employment, so he voluntarily transferred to other positions in the Department as a flagman, a computer operator, a messenger, and finally as a stamper.[1] In this last position, he was required to remove staples from driving permit applications and stamp numbers on them. He handled several thousand applications each day.

On July 20, 1978, the petitioner's employment with the Department came to an end. He asserted before

---

[1] We are not called upon to decide whether the petitioner would have been eligible for benefits if he had applied when he was forced to leave his position as a heavy equipment operator instead of electing to attempt to maintain gainful employment by accepting transfers to more sedentary work.

the hearing examiner that the pain from his knee and the side effects of medication prescribed by his doctor made it impossible for him to concentrate on the job. The petitioner's work record shows that he was frequently absent.

Section 5308(c) of the State Employees' Retirement Code (Code), *as amended*, 71 Pa. C. S. §5308(c), provides as follows:

> (c) An active member ... shall, upon compliance with section 5907(k),[2] be entitled to a disability annuity if prior to attainment of superannuation age he becomes mentally or physically incapable of continuing to perform the duties for which he is employed and qualifies in accordance with the provisions of section 5905(c)(1) (relating to duties of the board regarding applications and elections of members).

(Footnote added.) In light of this statutory language, the Board must make an initial determination of whether an applicant for benefits is mentally or physically incapable of continuing to perform the duties for which he is employed. If the applicant *is* mentally or physically incapacitated, then the Board must also determine whether the incapacity is service connected. Section 5905(c)(1) of the Code, 71 Pa. C. S. §5905(c)(1).

In the case before us, the Board made no findings of fact or conclusions of law; it merely adopted the findings and conclusions of the hearing examiner. The only finding of the hearing examiner which deals with the two crucial issues of incapacity and service connection reads as follows:

> 6. Due to the injury to his knee, the [petitioner] was taking medication and lost a con-

---

[2] Section 5907(k) deals with application procedures.

siderable amount of time from his work. On one occasion he made an error affecting thousands of applications.

This finding is inadequate because the question of incapacity is not addressed.

Our limited scope of review in appeals from Commonwealth agency actions does not permit us to make findings of fact. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Where crucial findings of fact have not been made, we must remand the case to the administrative agency involved for further proceedings. *Tyler v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 534, 395 A.2d 1045 (1979). *See also SKF Industries, Inc. v. Cody*, 2 Pa. Commonwealth Ct. 19, 276 A.2d 356 (1971) (an appellate court may not weigh the evidence and substitute its judgment for that of the Workmen's Compensation Appeal Board). Since the crucial findings of fact in this case have not been made, we must remand the case to the Board for further consideration.

For these reasons, we enter the following

## ORDER

AND Now, this 20th day of July, 1981, the decision of the State Employes' Retirement Board, dated October 26, 1979, which denied disability benefits to Robert L. Underkoffler, is hereby vacated, and the case is remanded to the State Employes' Retirement Board for further proceedings consistent with this opinion.