William B. Henn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 6, 1982, before President Judge CRUMLISH and Judges CRAIG and DOYLE, sitting as a panel of three.

*Lowell T. Williams,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 13, 1982:

William Henn appeals an Unemployment Compensation Board of Review denial of benefits and an assessment of a fault overpayment. We affirm.

Henn, a Fiore Trucking employee, was laid off in March of 1980 and recalled to work in July 1980. On his second day at work he found that his assigned truck's power steering was inoperable and so informed his dispatcher. The dispatcher informed him that this was the only available truck; that he should either drive it or go home. Henn chose the latter course.

Section 402(b)(1) of the Unemployment Compensation Law[1] provides that a claimant will be ineligible for benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.... "

The claimant has the burden of proving a cause of necessitous and compelling nature for his voluntary quit. *Kuhn v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 176, 432 A.2d 1156 (1981). Our scope of review, where the party with the burden of proof has failed to prevail below, is limited to determining whether the conclusions of law and the findings of the Board can be sustained without a capricious disregard of competent evidence.[2] The issue of necessitous and compelling reason is a question of law for this Court's review. *York Tape and Label Corp. v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 163, 435 A.2d 305 (1981).

The referee, as the sole arbiter of credibility,[3]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] *Gwin v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981).

[3] In addition to a denial of benefits on the basis of a voluntary quit, the referee assessed Henn with a fault overpayment. Henn had misrepresented his reason for being unemployed to the Office of Employment Security. He had stated that he was unemployed because of lack of work. Upon being questioned by the referee, he claimed that he had made this assertion because he believed the problem with the truck constituted a situation where there was no suitable work. The referee and the Board rejected this contention and assessed a fault overpayment for the weeks that he had received compensation. In this appeal, Henn has not specifically contested this part of the referee's decision; thus we will not disturb the assessment. We note additionally that this misrepresentation could well have contributed to the referee's apparent rejection of Henn's testimony as not being credible.

*Doyle v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 494, 426 A.2d 756 (1981), rejected Henn's testimony that his refusal was based on fear for the safety of himself and his co-workers. Henn does not dispute any of the Board's[4] findings, but now urges that this Court, as an alternative to reversing the referee, remand the case so that he can prove that he could not physically handle the truck. We reiterate that Henn bore the burden, in the first instance, to prove necessitous and compelling reason. Having failed to meet this burden, benefits must be denied.

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-191292 dated January 1, 1981, is affirmed.

---

### AMENDING ORDER

Now, September 16, 1982, the Order dated September 13, 1982, in the above captioned case is hereby amended to read as follows:

The order of the Unemployment Compensation Board of Review, No. B-191292 dated January 9, 1981, is affirmed.

---

[4] The Board adopted the findings of fact and conclusions of law as set forth by the referee.