Defense Activities Federal Credit Union, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Defense Activities Federal Credit Union, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued January 30, 1984, before Judges WILLIAMS, JR., BARRY and PALLADINO, sitting as a panel of three.

*John Michael Eakin,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, July 3, 1984:

These appeals result from orders of the Unemployment Compensation Board of Review (Board) affirming decisions of the referees which awarded benefits to claimants Mary K. Grundon and Clarence Robinson.

### 3007 C.D. 1982

The claimant, Mary K. Grundon, was last employed as a loan clerk by the petitioners, Defense Activities Federal Credit Union (Credit Union), and had been employed for approximately four years. The

President of the Credit Union was elected by board members who were chosen by credit union members. Prior to 1982, board members were elected by those credit union members who attended an annual meeting. In 1982, a new procedure was implemented wherein all credit union members were sent ballots with a return postage envelope, which allowed members to vote by mail. If a credit union member lost his ballot, he could obtain another ballot at the credit union offices. A person who was not a member of the credit union could obtain a ballot for a member if the non-member presented adequate identification.

In the latter part of 1981, a board member asked the claimant to inform him of any improprieties which the claimant might observe regarding the ballot distribution. While employed, the claimant did not know that board members who made requests for such information would not have that information provided to them. In March of 1982, the board member who made the request initiated a lawsuit against the credit union regarding the election to be held that same month.

During March, 1982, the claimant observed that some non-members who obtained ballots were not required to present identification. The claimant, who believed some impropriety had occurred, informed the board member of the apparent irregularity. The claimant apparently did not know a chain of command existed to report possible election improprieties.

Subpoenaed to testify in a lawsuit in which the board member was a plaintiff, the claimant testified that she had contacted the board member about the possible improper ballot distribution procedures. A representative of the credit union, who attended the hearing, determined that claimant had given confidential information outside the chain of command to a board member who had initiated lawsuits against the

credit union. Subsequently, the claimant was terminated for willful misconduct.

The Office of Employment Security determined the claimant was eligible for unemployment compensation benefits. Both the referee and the Board affirmed. This appeal by the credit union followed.

Under our cases, the burden of proving willful misconduct is on the employer. *Glasser v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 29, 404 A.2d 768 (1979). Our scope of review where the party with the burden of proof failed to prevail before the fact finder is limited to a determination of whether the findings of fact are consistent with each other and with the Board's conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *DeMelfi v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 577, 442 A.2d 1249 (1982).

Although willful misconduct has not been defined by statute, we have often described it as an act or course of conduct which constitutes a wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of standards of behavior the employer has the right to expect or negligence in such degree or recurrence so as to manifest evil design, wrongful intent, or intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Serban v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 147, 370 A.2d 755 (1977).

The Credit Union contends the claimant's action constitutes willful misconduct because the claimant reported the alleged improprieties, considered to be confidential information by the Credit Union, outside the "chain of command" to a board member who had initiated lawsuits against the Credit Union. The Credit Union further argued that the claimant pro-

vided this information to the board member in order to assist his legal action against the Credit Union. We cannot agree.

The Board found claimant was not aware that board members who made requests for information would be precluded from having such information provided to them. The Board found that claimant was not aware of a "chain of command" applicable to reporting irregularities which occurred at work. Our review of the record indicates those findings of fact are supported by evidence contained in the record.

Since the claimant followed the request of a Credit Union board member it is difficult to conclude that this constitutes willful misconduct when the information was disseminated to members of the organization. We cannot fault the claimant because she chose to report the election improprieties to the board member.

The Credit Union contends that the claimant's conduct did not conform to the standards of behavior the credit union, as employer, had a right to expect from her. It also argues that merely because high officials of the Credit Union were privy to her actions, the actions were not therefore excused. *Parsons v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 378, 397 A.2d 842 (1979). We do not believe that the claimant disregarded standards of behavior which the credit union could rightfully expect when she reported what she thought to be an impropriety to the board member.

The Credit Union also maintains that the claimant worked for the board member in his capacity as a litigant. The referee, affirmed by the Board, concluded that there is no blame when a party corresponds with a person who was both a litigant and an employer representative. We agree. Even assuming arguendo the Credit Union is correct, claimant's conduct does not rise to the level of willful misconduct.

985 C.D. 1983

Clarence Robinson (claimant) was last employed as an accounting supervisor and administrative assistant by the Credit Union and had been employed by it for about fourteen and a half years. The nature of claimant's job exposed him to information regarding the Credit Union's investment activities. During his employment claimant had been counseled about the confidential nature of the Credit Union business, particularly its investment and financial transactions. Routine access to investment information which the Credit Union deemed confidential was generally provided to the Credit Union treasurer, manager, the chairman of the investment committee and the claimant. Members of the Credit Union's board of directors had access to the investment information as well, and this information was generally provided to the board members upon their request. Before claimant was terminated, board members, on various occasions, had asked for investment information from the claimant which the claimant had provided to them.

The claimant never was notified of guidelines, rules or regulations which specifically prescribed a procedure concerning the dissemination of this information to board members.

A board member asked the claimant to provide him with information regarding any investment improprieties of which the claimant was aware. At the time the requests were made, the board member had initiated a lawsuit against the Credit Union. The claimant knew that litigation was pending against the Credit Union but apparently did not know that the board member who requested the information was a plaintiff to the action. The claimant provided information as requested to the board member.

In March, 1982, the claimant's supervisor received a subpoena order. Attached to the subpoena was the

information provided by the claimant to the board member. Subsequently, the claimant was discharged from his employment for willful misconduct because he revealed confidential and detailed investment information, which resulted in the subpoena.

A myriad of conflicting testimony was presented to the referee. When conflicts in testimony exist regarding significant issues on appeal, it is within the province of the fact finder to decide questions of credibility and evidentiary weight. *Rudy v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 633, 410 A.2d 97 (1980).

The Board found:

1) The investment information provided by the claimant to the board member was not confidential and was not provided to the board member to facilitate a lawsuit;

2) A board member generally had access to this information upon request and articulation of the reasons for the request;

3) Aware of this practice, claimant provided the information to the board member;

4) The Credit Union had no specific policy or procedure to determine whether a board member should be provided investment information upon request;

5) The claimant gave the board member the information within their work relationship and not to aid him with a lawsuit against the Credit Union.

Our review of the record indicates these findings are supported by the record. We agree with the referee and Board that claimant's conduct does not rise to the level of willful misconduct. *Miller v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 539, 405 A.2d 1034 (1979). The Credit Union contends that, under *Parsons* an employer has a

right to expect an employee to keep fiduciary information revealed to him in the course of his employment confidential. While the Credit Union states the proposition for which *Parsons* accurately stands, we do not believe that claimant breached a duty to the Credit Union because the information given to the board member was not confidential. The Credit Union, therefore, failed to meet its burden of proof.

For these reasons, we affirm the orders of the Board.

ORDER IN No. 3007 C.D. 1982

Now, July 3, 1984, the order of the Unemployment Compensation Board of Review, dated October 29, 1982, at No. B-211290, is affirmed.

ORDER IN No. 985 C.D. 1983

Now, July 3, 1984, the order of the Unemployment Compensation Board of Review, dated March 18, 1983, at No. B-216032, is affirmed.