Vennie Willis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 10, 1985, before Judges MacPhail and Doyle, and Senior Judge Barbieri, sitting as a panel of three.

*Richard E. Gordon,* of counsel: *June F. Swanson,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *James K. Bradley,* Associate Counsel, for respondent.

Opinion by Judge MacPhail, December 5, 1985:

Vennie Willis (Claimant) appeals from an order of the Unemployment Compensation Board of Review

310

(Board) which affirmed the referee's denial of benefits to Claimant pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

In affirming, the Board adopted the following facts found by the referee. Claimant was employed as a licensed practical nurse by Forbes Health System (Employer). On April 12, 1983, Employer terminated Claimant's services because of medication errors. Claimant, thereupon, filed discrimination charges with the Human Relations Commission (Commission). On May 10, 1983, Claimant and Employer signed an agreement by which Claimant would return to work as a nurse's aide,[2] at the same pay rate as a licensed practical nurse, and with back pay. As a condition precedent to this settlement, it was orally agreed that Claimant would retire from her position on September 30, 1983, which was the earliest date the Claimant could receive her pension. Claimant returned to work and, subsequently, withdrew her complaint against Employer which she had filed with the Commission. Claimant remained employed as a nurse's aide until September 30, 1983. The Board concluded that Claimant voluntarily retired as of that date.

Claimant contends in this appeal that she was discharged and did not voluntarily terminate her employment, or, in the alternative, if she did voluntarily

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, as amended, 43 P.S. §802(b). Section 402(b) of the Law provides in pertinent part that an employee is not eligible for unemployment compensation benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

[2] The nurse's aide position did not allow Claimant to dispense medication.

quit, that there were compelling and necessitous reasons to justify termination.[3]

Whether Claimant voluntarily terminated her employment or was discharged is a question of law subject to our review. *Kligge v. Unemployment Compensation Board of Review*, 89 Pa. Commonwealth Ct. 30, 491 A.2d 325 (1985). The burden of proving that the termination was involuntary rests upon the Claimant.[4]

Claimant argues that her termination was not voluntary, because had she not quit the employer would have discharged her. We cannot agree. Claimant's quit was not made owing to the fact of a certain discharge, as was the case in *Volk v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 529, 371 A.2d 1045 (1977); nor was it in response to a direct ultimatum by her employer, as was the case in *Thomas v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974) and *Torsky v. Unemployment*

---

[3] Claimant also contends that Section 701 of the Law, 43 P.S. §861 renders the agreement invalid. We disagree. Section 701 states that an agreement by an employee *to waive or release any of his rights under the Act* will be invalid. In the present case the agreement nowhere stated that Claimant, by entering into the settlement, would forfeit any of her rights under the Act.

[4] Where, as here, the party with the burden of proof did not prevail below, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law, and whether the findings of fact can be sustained without a capricious disregard of competent evidence. *Defense Activities Federal Credit Union v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 476, 478 A.2d 493 (1984). The party prevailing before the Board is entitled on appeal to any favorable inferences that can logically and reasonably be drawn from the evidence. *Gettig Engineering v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 416, 473 A.2d 749 (1984).

*Compensation Board of Review,* 81 Pa. Common-wealth Ct. 642, 474 A.2d 1207 (1984). Here, Claimant made no effort to continue her employment beyond September 30, 1983, notwithstanding the terms of the agreement with her Employer. In order to be eligible for unemployment compensation benefits, Claimant must establish that she made a reasonable effort to preserve her employment and that there was no choice but to leave. *Kieley v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 618, 471 A.2d 1345 (1984). This she has failed to do. We agree with the Board's conclusion that the separation was voluntary.

We next must decide whether Claimant met her burden of proving she had cause of necessitous and compelling nature for leaving her employment. *Bacon v. Unemployment Compensation Board of Review,* 89 Pa. Commonwealth Ct. 35, 491 A.2d 944 (1985). To meet her burden, Claimant must demonstrate circumstances "which produce pressure to terminate that . . . [are] . . . both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 359, 378 A.2d 829, 832-33 (1977).

Claimant argues that a case of necessitous and compelling nature arises from the fact that had she attempted to stay on past September 30, 1983, she would have been in breach of the terms of the agreement, and would have been acting in bad faith. Claimant misapprehends the issue. Claimant voluntarily agreed to become re-employed so that she could qualify for her pension. Her separation, therefore, was the result of that voluntary agreement and was a voluntary retirement. A voluntary retirement cannot constitute a necessitous and compelling reason for vol-

untarily terminating employment.[5] *Matty v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 311, 312, 457 A.2d 1039, 1040 (1983). The Board was therefore correct in holding Claimant ineligible for unemployment compensation benefits.

## ORDER

The order of the Unemployment Compensation Board of Review, No. B-229690, dated April 30, 1984, is affirmed.

---

[5] As we have decided that Claimant's separation was voluntary, we need not address Claimant's contention that there was no evidence that Claimant committed willful misconduct under Section 402(e) of the Law.