525 A.2d 841

Jerrianne S. Kirkwood, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 8, 1986, to Judges Doyle and Palladino, and Senior Judge Barbieri, sit-

*John M. Close,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Peter Layman,* Acting Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 12, 1987:

Jerrianne S. Kirkwood (Claimant) petitions for review of a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's decision finding Claimant ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law) (voluntary quit).[1] We affirm.

Claimant was employed as an office manager by Marylyn R. Curran, M.D. (Employer), a child psychiatrist, for a period of approximately five years prior to her last day of work. Claimant's duties included coordination of children services, billing, screening clients, and scheduling appointments. Claimant was also a patient of her Employer. A problem developed between Claimant and her Employer involving a pre-school enterprise in which Claimant was involved, but in which

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

her Employer decided she herself did not want to become involved. As a result of this problem, Claimant's duties were reduced and Employer required Claimant to account more fully for her time and activities while at work. This change in Claimant's work duties caused Claimant to feel "unwanted" by her Employer and, consequently, Claimant left her employment on October 4, 1984 in order to preserve her emotional well-being.

Claimant applied for unemployment compensation benefits and the Office of Employment Security determined that she was ineligible for benefits under Section 402(b) because she had voluntarily left her employment without a necessitous or compelling cause. This determination was affirmed by the referee after a hearing at which Claimant was the only witness. The Board affirmed, and this appeal followed.

Preliminarily, we must reexamine our scope of review because of the recent Pennsylvania Supreme Court decision in *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, we are directed to "affirm the adjudication unless [we] find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of . . . [the Administrative Agency Law relating to practice and procedure] have been violated . . . , or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." This standard clearly applies in cases where both parties have presented evidence, which was the situation in *McGovern*. But where, as here, the party with the burden of proof was the *only* party to present evidence, and she did not prevail before the agency, does the same substantial evidence test also apply because if there was *no* evidence to sup-

port the party who did prevail, how then can there be substantial evidence to support the adjudication?[2]

Two possible scenarios present themselves when the burdened party fails to prevail: (a) where the evidence of the burdened party, even if believed, and substantially supporting the facts asserted, nonetheless *is not sufficient*, as a matter of law,[3] to meet the imposed burden,[4] and, (b) where the burdened party does present substantial *and sufficient* evidence as a matter of law, but the factfinder nonetheless finds against that party.[5] The mere fact that a party presents sufficient evidence as a matter of law does not guarantee his success; that evidence must, in addition, be believed, that is, found credible by the factfinder. Put another way, to prevail,

---

[2] This problem, although using a capricious disregard standard, was discussed by the Supreme Court of Pennsylvania in an earlier opinion, *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A.2d 668 (1968). The outline is as follows:

Claimant argues that the Board's finding that he is only partially disabled capriciously disregards competent evidence because it is unsupported by competent evidence. It should be obvious that this argument is a non sequitur. A finding that is completely unsupported by competent evidence does not capriciously disregard competent evidence if there is not competent evidence to support a contrary finding. (Footnote omitted.)

*Id.* at 450-51, 246 A.2d at 671.

[3] When we employ the term "sufficient evidence as a matter of law" we mean that the evidence of the burdened party if believed establishes all the elements of the cause of action.

[4] An absurd example of this situation would be a claimant's attempt to establish as a compelling and necessitous reason for terminating his employment, a desire for early voluntary retirement. *See* Section 402(b) of the Law; *Willis v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 308, 500 A.2d 1293 (1985).

[5] There is one other possible situation where the burdened party presents sufficient evidence as a matter of law and the agency finds in his favor. That pattern does not apply here, however.

the burdened party must meet both his burden of production (*i.e.*, present sufficient evidence) and his burden of persuasion (*i.e.*, present credible evidence). And, in order for us to invoke the appropriate scope of review on appeal in cases where the burdened party was the only one to present evidence and he did not prevail before the agency, we must assess whether his failure to prevail below is due to: (1) the legal insufficiency of the evidence or, (2) the lack of credibility of the evidence. This distinction is all-important because it governs our scope of review and the remedy on appeal. The question of the legal sufficiency of the evidence is one of law. *See e.g. Henn v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 28, 450 A.2d 271 (1982) (the issue of whether a claimant had necessitous and compelling reasons for quitting a job is a question of law). Thus, if the burdened party has failed to present sufficient evidence, he has failed to meet his burden as a matter of law. Therefore, he *cannot* prevail. When such situation is present and the burdened party did not win below, our role is simply to affirm what was a correct *legal* conclusion.

When, however, the burdened party did present *sufficient* evidence as a matter of law and yet failed to prevail below, we then must determine whether the reason for the adverse determination stems from the factfinder's opinion that the evidence presented was not credible, or, whether instead the factfinder committed an error of law in applying the proper principle of law to the facts presented. If the latter, we can reverse the agency, even if the factfinder has found the testimony of the burdened party credible, because in such instance the issue is a matter of law for this Court to determine. In the former instance, however, the approach is different because our scope of review precludes us from mak-

ing factual findings or credibility determinations. Moreover, we decline to infer credibility. Thus, we must scrutinize the adjudication. If specific credibility determinations appear that support the result of the adjudication, then we may affirm the decision below on the basis that the burdened party failed in his burden to *persuade* the factfinder. If, however, *specific* credibility determinations do not appear in the factual findings, in the discussion or conclusions, and no other *specific* explanation for the adverse determination appears in the adjudication, then we have no other alternative but to vacate the order below and remand for specific credibility findings and for an explanation of the agency's decision; otherwise we could not perform our appellate review function. *Underkoffler v. State Employees' Retirement Board,* 61 Pa. Commonwealth Ct. 1, 432 A.2d 319 (1981).

In summary then, if both parties below have presented evidence, there is no question that our proper scope of review, regardless of which party has the burden of proof, is the substantial evidence test set out in Section 704 of the Administrative Agency Law and reaffirmed by our Supreme Court in *Estate of McGovern.* Where, however, the party with the burden of proof is the *only* party to present evidence, and that party does *not* prevail before the agency, we must first examine the record to determine whether that party as a matter of law, has met his burden. If he has not, we will affirm the agency decision. If, on the other hand, it appears that the burdened party *has* presented sufficient competent evidence that, *if believed,* would overcome his burden of proof, and it is not clear from the adjudication that a credibility determination has been made, we will remand the matter to the agency for the proper findings and conclusions of law following those findings. *We will not infer a credibility determi-*

*nation merely from the decision of the factfinder against the party with the burden of proof.* Last, if we determine that the adjudication contains an error of law, we will reverse, even if the testimony of the burdened party is found credible by the factfinder.

We shall now proceed to apply the above scope of review analysis to the instant case. Claimant had the burden of proving that the voluntary termination of her employment was for a cause of a necessitous and compelling nature. *Donaldson v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 41, 434 A.2d 912 (1981). Claimant contends that due to the stress and anxiety resulting from Employer's reduction of her duties, she had compelling and necessitous cause to leave her employment. Although emotional distress can be a necessitous and compelling cause for leaving employment, *Central Data Center v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 465, 458 A.2d 335 (1983), Claimant here has failed to meet the test set forth in *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982). Claimant did not adduce sufficient competent testimony to establish adequate health reasons for leaving her employment, and it is equally clear that she did not communicate her problems to Employer. Both of these factors are required by *Genetin.* Thus, what we have here is a case where Claimant failed to produce sufficient evidence to meet her burden as a matter of law. That being the case, we shall affirm the decision of the Board.[6]

---

[6] Claimant also contends that Employer set out on a course of conduct to force her to quit. This question is a factual one and because Claimant failed to meet the *Genetin* requirements, and hence failed to meet her burden as a matter of law, we need not reach this issue. For similar reasons we need not consider whether any changes in Claimant's working conditions were unreasonable since the basis for her quit was not the changed conditions themselves, but the alleged medical effect such changes had on her.

## ORDER

NOW, May 12, 1987, the order of the Unemployment Compensation Board of Review, No. B-237560, dated January 17, 1985, is hereby affirmed.

---

### CONCURRING OPINION BY JUDGE PALLADINO:

While I concur in the result reached by the majority, I respectfully dissent to the analysis regarding credibility determinations in the majority opinion. The majority categorically states that it will not infer a credibility determination merely from the decision of the fact-finder against the party with the burden of proof. This approach is repeatedly used in the majority's presentation, at one point stating: "We decline to infer credibility."

The majority has not only exceeded the bounds necessary for disposition of this matter, but has reached an errant conclusion in its scope of review analysis that will only result in unduly burdening administrative agencies.

The Pennsylvania General Assembly has structured administrative agencies to develop expertise in a given body of law and apply that expertise. This court has long adhered to the principle that determinations of credibility are solely within the province of the fact-finding body. The fact-finder has made implicit credibility determinations in every decision or award. This is the nature of fact-finding, and the legislature has bestowed that function solely on the agency. The majority reaches the somewhat esoteric conclusion, however, that this court will ignore these implied credibility determinations in cases where the testimony of the party with the burden of proof is the only evidence in the record, and the referee nevertheless finds against that party. The true nature of the administrative body's role as a fact-

finder, where there is a decision against the testifying claimant, is that implicit in such decision is a negative credibility determination, and this court should not disturb such a finding on appeal.

The Supreme Court of Pennsylvania's pronouncement in *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 273, 501 A.2d 1383, 1387 (1985) applies equally in this context:

> We are not inclined to require a busy agency, whose swift disposition of the many cases before it is vital to the subsistence of our fellow citizens who suffer lack of work, to engage in acts of supererogation.

Because a remand in the situation described by the majority would result in agency supererogation, I concur in the result only.