532 A.2d 1271

Muncy Creek Township, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 18, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*John P. Campana, Campana, Rudinski, Groulx & Gardner,* for petitioner.

*No appearance for respondent.*

*Allen E. Ertel, Reed, Smith, Shaw & McClay,* for intervenor.

OPINION BY JUDGE DOYLE, November 4, 1987:
Muncy Creek Township (Township) petitions for review of an order of the Unemployment Compensation

Board of Review (Board), which affirmed a referee's decision awarding benefits to Shirly Shaner (Claimant). We affirm.

Claimant was last employed by the Township as Secretary/Treasurer, a position requiring her to maintain the financial records of the Township and make them available for review by the Township's auditors. An audit meeting between Claimant and the auditors was scheduled for February 16, 1986. Claimant appeared with the financial records at the scheduled time for the meeting. Accompanying Claimant was her husband, apparently because an altercation between Claimant and the auditors had occurred at a previous meeting on February 5. The Township auditors arrived for the meeting, and the Township supervisors arrived shortly thereafter. Claimant's husband refused to leave the meeting, despite requests from both the auditors and the supervisors. The supervisors then fired Claimant for the stated reason that she refused to cooperate with the auditors.

The referee granted benefits to Claimant, concluding that she was not disqualified by reason of willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1] The Board affirmed, and the Township petitions this Court for review.[2]

"Willful misconduct" encompasses an act of wanton or willful disregard of an employer's interest, a deliberate violation of an employer's rules, a disregard of standards of behavior that an employer has a right to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or findings of fact were unsupported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

expect, and negligence indicating an intentional disregard of an employer's interest or an employee's duties and obligations. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). While refusal to cooperate with an employer or its agents may constitute willful misconduct, the referee expressly found that Claimant did not refuse to cooperate with the auditors; on the contrary, she came prepared with all of the necessary information for the audit. Furthermore, Claimant did not fail to carry out any directive of the Township supervisors. Rather, she was terminated because her *husband* refused to leave the meeting.

Claimant, however, was not responsible for her husband's refusal to leave. Accordingly, his refusal to leave the meeting cannot be construed as willful misconduct on the part of Claimant.

Affirmed.

### ORDER

Now, November 4, 1987, the order of the Unemployment Compensation Board of Review, No. B-252252 dated August 22, 1986, is affirmed.