609 A.2d 618

AMERICAN GENERAL LIFE, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 9, 1992.

Decided May 7, 1992.

Mark A. Fontana, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and LEDERER, Senior Judge.

LEDERER, Senior Judge.

American General Life (Employer) petitions this Court to review a decision of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision and awarded benefits to Rosemarie Kline (Claimant).

Claimant was employed as an insurance agent for Employer from March 6, 1989 until February 1, 1991. For the first thirteen weeks of her employment, Claimant was paid a salary. Thereafter, she was paid solely by commission.

█ Claimant's separation from work is not at issue in this case. What is at issue is whether Claimant was "employed" as that term is defined in Section 4($l$)(4)(17) of the Unemployment Compensation Law (Law),[1] so as to entitle her to unemployment benefits. Section 4($l$)(4)(17) of the Law provides in pertinent part:

(4) The word "employment" shall not include—

. . . .

(17) Service performed by an individual for an employer as an insurance agent ... if all such service performed by such individual for such employer is performed for remuneration solely by way of commission....

█ Here, the referee found that Claimant was not entitled to benefits because she was paid solely by commission during the determined base period.[2] On appeal, the Board reversed the referee's determination on the basis that *all* of the services performed by Claimant for Employer were not performed for remuneration solely by way of commission,

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753($l$)(4)(17).

2. "Base year" is defined by the Law as the first four of the last five completed calendar quarters immediately preceding the first day of an individual's "benefit year" which begins the day on which a valid application for unemployment compensation benefits is filed. Section 4(a) and (b) of the Law, 43 P.S. §§ 753(a) and (b).

since Claimant received a salary during the first thirteen weeks of employment. As such, the Board held that Claimant was entitled to benefits. This petition for review followed.[3]

Employer argues that the Board's interpretation of Section 4($l$)(4)(17) of the Law was too liberal. It is Employer's position that the language of Section 4($l$)(4)(17) should have been interpreted to read "all such services performed by such individual for such employer [during that individual's base year] ..." Since, here, it was undisputed that Claimant's earnings during her base year were solely from commission, Employer contends that the Board erred when it concluded that she was "employed" under Section 4($l$)(4)(17) of the Law.

From our reading of Section 4($l$)(4)(17), we believe Employer's interpretation to be the correct one. In unemployment compensation law, an individual's benefits depend solely upon his or her earnings during the base year. As such, the fact that an individual was being paid a salary for a brief period of time at the beginning of employment should not entitle that person to unemployment compensation benefits at any later period in time, outside the base year.

Moreover, to read Section 4($l$)(4)(17) as the Board did would lead to an illogical result. Under the Board's interpretation, even though Employer could seek an exemption from paying unemployment compensation taxes for Claimant under Section 4($l$)(4)(17), Claimant would still be entitled to receive benefits under that very section. We do not believe this is what the legislature intended.

For the foregoing reasons, the decision of the Board is reversed.

**3.** This Court's scope of review is limited to determining whether the Board's necessary findings of fact were supported by substantial evidence, an error of law was committed, or constitutional rights were violated. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

## ORDER

AND NOW, this 7th day of May, 1992, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.