623 A.2d 437

**Glenn W. SCHMOLL, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 6, 1992.

Decided March 15, 1993.

James T. Lesho, for petitioner.

Randall S. Brandes, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, PELLEGRINI, Judge, and BLATT, Senior Judge.

PELLEGRINI, Judge.

Glenn W. Schmoll appeals from the order of the Unemployment Compensation Board of Review denying extended benefits pursuant to the Unemployment Compensation Law (Law).[1]  We reverse.[2]

Glenn W. Schmoll (Claimant) filed an application for unemployment compensation benefits with an effective date of September 30, 1990.  Because of that effective date, the base year was the second, third and fourth quarters of 1989, and the first quarter of 1990 was used to determine financial eligibility.  The Bureau issued a Notice of Financial Determination (Notice) finding that Claimant earned sufficient funds to receive unemployment compensation benefits.  The Notice stated: "Our records show that during your [Claimant's] base year, wages were reported by the following employer(s):  ..." It then went on to list wages from various employers quarter by quarter.  It listed base year wages as $16,195, and for the third quarter of 1989, the quarter in question, as $10,963.[3] The Notice informed Claimant that *"Your weekly benefit is determined to be $280 ..."* (Emphasis in original.)  While the Notice informed Claimant that he had a right to appeal this determination, he did not do so because he was unaware that the Notice was incorrect and because $280 was the maximum benefit that he could be awarded.[4]

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 811–818.

2. This opinion was reassigned to the authoring judge on January 11, 1993.

3. For the year in question, quarter by quarter, Claimant earned:

| | |
|---|---|
| 2nd Quarter 1989 | $ 0 |
| 3rd Quarter 1989 | 10,963 |
| 4th Quarter 1989 | 4,072 |
| 1st Quarter 1990 | 1,159 |
| Total Base Year Wages | $16,195 |

4. In order to qualify for the maximum benefits of $280 a week, an applicant was required to have a high quarter of at least $6,983.  See 43 P.S. § 804 or Section 404(a)(1) of the Unemployment Compensation Law effective January 1, 1989.  Claimant did not challenge the incorrect third quarter figure of $10,963, because he was at the maximum

After his regular unemployment compensation benefits had ceased, Claimant applied for extended benefits newly authorized by Congress by the Emergency Unemployment Compensation Act of 1991. 26 U.S.C. § 3304. Claimant later applied for emergency unemployment compensation benefits. To be eligible for benefits, a claimant cannot have a base year less than one and one-half times the highest quarterly wage in the base year. Because the reported wages on the original Notice listed base year wages as $16,195, which was less than one and one-half times the $10,963 in wages Claimant purportedly earned in the third quarter of 1989, the Bureau denied Claimant benefits. Claimant appealed the Bureau's determination, contending that the wages for the second quarter actually were $10,093 and not $10,963 as listed in the original benefits, making his base year more than one-half times his highest quarterly wage and making him eligible for benefits. Both the Referee and on subsequent appeal, the Unemployment Compensation Board of Review (Board) denied benefits. Benefits were denied because the wage information set forth in the original Notice was never appealed and, consequently, to allege that the wage information was incorrect is an improper collateral attack.

■ The sole issue presented on appeal is whether the Board erred in disallowing the claim for extended benefits because Claimant failed to appeal wage information contained in the Notice. Our scope of review on appeal where the party with the burden of proof is the only party to present evidence and does not prevail is whether the Board committed an error of law or capriciously disregarded competent evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

■ The Board argues that for Claimant to challenge his wage determination made in the original Notice at the hearing for extended unemployment compensation benefits constitutes

benefit level, and an appeal would be meaningless in that Congress had not created the Emergency Unemployment Compensation Program.

an improper collateral attack on the original Notice in violation of Section 509 of the Law. 43 P.S. § 829.[5] For there to be a collateral attack on an unappealed determination, however, there has to be a determination to appeal in the first place. There is nothing in the Notice to inform Claimant that reported wages is a determination, let alone one that needs to be appealed. The plain language of the Notice only denominates as the determination the amount of compensation awarded, not the reported wage information. Because it was not required to be appealed, he is able to disagree with the correctness of that information in a subsequent application for extended unemployment compensation benefits.

Accordingly, the order of the Board is vacated and the case is remanded to determine whether Claimant is entitled to emergency unemployment compensation benefits.

## ORDER

AND NOW, this 15th day of March, 1993, the order of the Unemployment Compensation Board of Review dated March 31, 1992, No. B–297590, is vacated and the case is remanded to determine whether Claimant is entitled to emergency unemployment compensation benefits.

Jurisdiction is relinquished.

BLATT, Senior Judge, dissenting.

I respectfully dissent. The claimant's appeal constitutes an impermissible collateral attack by operation of Section 509 of

5. Section 509, titled Finality of Decisions, provides that:
   [A]ny decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim ... unless appealed from.
   Subject to appeal proceedings and judicial review, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision....

the Unemployment Compensation Law.[1]  Section 509 provides that

> [a]ny decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim or claims covered thereby ... unless appealed from.

The claimant filed for unemployment compensation benefits on September 30, 1990.  The Bureau of Unemployment Compensation Benefits and Allowances (Bureau) issued a Notice of Financial Determination (UC Notice) granting benefits based on the claimant's wages for the base year April 1989 through March 1990.  The claimant did not appeal from the UC Notice.

The claimant subsequently applied for extended benefits. The Bureau issued a Notice of Financial Determination (EUC Notice)[2] denying benefits because the claimant's total base year earnings did not exceed one and one-half times his highest quarterly wages in the base year of his regular unemployment compensation claim as required by Section 403–A(i) of the Law.[3]  The claimant appealed this determination alleging an error in his highest quarterly wages.  However, the referee found that the claimant did not earn one and one-half times his highest quarterly wages in his base year and affirmed the Bureau's determination without findings or discussion addressing the claimant's averment that the underlying wage information contained in the UC Notice was inaccurate.  The claimant appealed to the Board which affirmed the referee's decision, but on the grounds that, pursuant to Section 509 of the Law, such a challenge constituted an improper collateral attack of a final, unappealed determination.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 829.

2. Although the Law, the referee, and the Board refer to these benefits as "extended benefits," the Bureau uses the term "emergency unemployment benefits (EUC)."

3. 43 P.S. § 813(i).

The majority simply concludes that the UC Notice did not inform the claimant that reported wages is a determination, subject to appeal. Citing the language in the UC Notice, "Your weekly benefit rate (WBR) is determined to be $280 ...," the majority further concludes that the UC Notice narrowly denominates the amount of compensation awarded as the determination.

The UC Notice, captioned "NOTICE OF FINANCIAL DETERMINATION," contains the prefatory statement, "This financial determination notifies you that you will be financially eligible for benefits only if...." It further elaborates that a claimant "will be eligible for benefits as determined by the wages you were paid and the credit weeks you earned during your base year." The limited language cited by the majority as dispositive is immediately followed by the language "based on a comparison of your highest quarter wages and your total base-year wages" and the statements, "Your highest quarter ... was the 3RD quarter of 1989 when you were paid wages of $10,963. Your total base-year wages were $16,195." I conclude, upon review of the entire UC Notice, that the determination subject to appeal embraces the highest quarterly wage, the base year wages, the weekly benefit rate, and the benefit weeks, and is not confined to the weekly benefit rate.

The claimant testified that he did not verify the underlying wage information in the UC Notice because he was receiving the maximum benefits allowable. His mere satisfaction with the benefits award does not relieve him of the responsibility to verify the accuracy of the information. Because he did not challenge the determination based thereon by timely appeal, he is precluded from doing so collaterally in this proceeding by operation of Section 509.

Accordingly, I would affirm the order of the Unemployment Compensation Board of Review.