IN THE COMMONWEALTH COURT OF PENNSYLVANIA

North Hills School District,        :
                                          :
                    Petitioner      :
                                          :
          v.                : No. 700 C.D. 2021
                                          : Submitted: March 4, 2022
Unemployment Compensation    :
Board of Review,              :
                                          :
                  Respondent   :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED: April 13, 2022

North Hills School District (Employer) petitions for review of the order of the Unemployment Compensation Board of Review (Board) affirming the decision of a Referee who determined that Erin Traynor (Claimant) is not ineligible for benefits under Section 402.1(1) of the Unemployment Compensation Law (Law).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by the Act of July 6, 1977, P.L. 41, 43 P.S. §802.1(1). Section 402.1(1) of the Law states, in pertinent part:

> (1) With respect to service performed after December 31, 1977, in an instructional . . . capacity for an educational institution, ***benefits***

**(Footnote continued on next page…)**

On August 10, 2020, Claimant filed an online application for benefits for the waiting week ending August 15, 2020. Certified Record (CR) at 3, 6-10. On December 10, 2020, the Department's Office of Unemployment Compensation Benefits issued a Notice of Determination (Determination) in which it found that Claimant was not ineligible for benefits under Section 402.1 of the Law because "Claimant d[id] not have reasonable assurance of returning [to work] following the [summer] break." *Id.* at 14. On December 23, 2020, Employer appealed the Determination alleging, in relevant part:

> ***shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years*** . . . to any individual if such individual performs such services in the first of such academic years or terms and ***if there is . . . a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms***. [(Emphasis added).]

In turn, Section 65.161(a) of the Department of Labor and Industry's (Department) regulations states, in relevant part:

> (a) For purposes of [S]ection 402.1 of the [L]aw (43 P.S. §802.1), a . . . reasonable assurance that an individual will perform services in the second academic period exists only if both of the following conditions are met:
>
> (1) The educational institution . . . provides a bona fide offer of employment for the second academic period to the individual.
>
> (2) The economic terms and conditions of the employment offered to the individual for the second academic period are not substantially less than the terms and conditions of the individual's employment in the first academic period.

34 Pa. Code §65.161(a).

> The reasonable assurance issue states that [C]laimant did not return following the school break. The included [September 4, 2020] letter [from Employer's Superintendent] demonstrates that [C]laimant was, in fact, rehired as a substitute teacher for the 2020-2021 school year.

CR at 20.

On January 28, 2021, a hearing was conducted before the Referee during which Claimant testified, and Employer offered the testimony of Pamela LaBrasca, Employer's Administrative Assistant of Human Resources, along with the Superintendent's September 4, 2020 letter offering Claimant employment as a substitute teacher for the 2020-2021 school year, effective August 25, 2020, and call logs regarding Claimant's substitute assignments during the 2020-2021 school year. CR at 58-61, 65, 69-71, 74-81.[2] LaBrasca testified, *inter alia*, that Claimant resigned her employment as a teacher with Employer on January 10, 2020, and that she began substitute teaching for Employer on January 13, 2020. *Id.* at 74. LaBrasca stated that Claimant's last day of work for Employer in the 2019-2020 school year was March 11, 2020. *Id.* With respect to the Superintendent's September 4, 2020 letter, LaBrasca testified:

> This letter is a letter that we send out to all of our substitutes, they get a reasonable assurance letter over the

---

[2] Specifically, the Superintendent's September 4, 2020 letter states, in pertinent part:

> Please accept this letter as an administrative appointment to the position of substitute teacher at the rate of $95/day effective August 25, 2020, through the end of the 2020-21 school year. . . .

> Your appointment was ratified at the September 3, 2020 meeting by the Board of School Directors.

CR at 65.

> summer, stating that they are planning on coming back, unless we do not hear from them at that time, we terminate them, and [if] we do hear from them, then we Board approve them and Board Administrative [sic] appoint them to the position of a substitute teacher. We send them this note to let them know that they were appointed to [be] a substitute teacher for the entire school year and give them their rate.

*Id.* at 75-76. Claimant denied that she received such reasonable assurance to return to the same or similar position following the school break. *Id.* at 80-81.

On February 2, 2021, the Referee issued a Decision/Order affirming the Determination that Claimant is not ineligible for benefits under Section 402.1 of the Law. CR at 87-92. On February 17, 2021, Employer appealed the Referee's Decision/Order to the Board. *Id.* at 94-101.

On May 28, 2021, the Board issued a Decision and Order affirming the Referee's Decision/Order in which it made the following pertinent findings of fact:

> 1. [C]laimant was last employed as a substitute teacher by [Employer] from January 13, 2020, at a final rate of $95/day, and her last day of work was March 11, 2020.
>
> 2. [C]laimant previously worked for [E]mployer as a teacher, resigned as a teacher effective January 10, 2020, but continued to work as a substitute teacher beginning January 13, 2020.
>
> 3. [E]mployer's 2020-2021 school year began on August 25, 2020.
>
> 4. [C]laimant did not receive reasonable assurance of continuing work for [E]mployer as a substitute teacher in the 2020-2021 school year until she was informed, by letter dated September 4, 2020, that [E]mployer's Board of School Directors ratified her appointment as a substitute teacher on September 3, 2020.

CR at 103.

4

Based on the foregoing, the Board determined:

> Critically, this case involves [C]laimant's eligibility for benefits during the summer school break, beginning with the week ending August 15, 2020-and not the weeks beginning with the new school term. The computerized call logs submitted by [E]mployer to show that [C]laimant was contacted about substitute assignments from August 25, 2020-January 4, 2021, are not relevant to [C]laimant's eligibility for benefits for the waiting week ending August 15, 2020, under Section 402.1(1) of the Law, other than to possibly prove that a previous offer of reasonable assurance was not illusory. The real question in this case is whether [E]mployer offered [C]laimant, who had been in her first year as a substitute teacher, reasonable assurance of returning to employment before or over the summer break of returning to work in the same or similar capacity in the next school year.
>
> [E]mployer both maintained that its September 4, 2020 letter to [C]laimant establishes that she had reasonable assurance that "all substitutes get a reasonable assurance letter over the summer." The reasonable assurance letter, alluded to by [E]mployer's witness, does not appear in the record. Moreover, [C]laimant denied receiving reasonable assurance of returning to work with [E]mployer in the same or similar position.
>
> The Board gives greater weight to [C]laimant's testimony on the question of reasonable assurance. A letter offering reasonable assurance would seem to be critical in this type of case. Therefore, the Board is unwilling to infer reasonable assurance through a general reference to an earlier letter not appearing in the record. As such, [C]laimant cannot be denied benefits during the period between two successive academic years or school terms, as the record lacks credible or sufficient proof of reasonable assurance having been extended to [C]laimant before the beginning of the new school year.

CR at 104. Accordingly, the Board issued an order affirming the Referee's Decision/Order, *id.* at 105, and Employer filed the instant petition for review.

5

On appeal,[3] Employer claims that the Board erred as a matter of law in affirming the Referee's Decision/Order and that the Board's Decision and Order are not supported by substantial evidence. Specifically, the entirety of Employer's argument is as follows:

> In the instant matter, []Claimant received a letter dated September 4, 2020[,] confirming that she had been offered the position of a substitute teacher, as well as the pay rate satisfying the economic terms as required by statute. The September 4, 2020 letter states that the offer is effective August 25, 2020 (CR 65), which corresponds directly with the first day of school according to [Employer's] academic calendar. (CR 63) Boards of education meet monthly, and in this matter [it] took official action at [its] earliest opportunity to do so to approve the substitute position and made the assurance of the same effective the same day as the start of the academic year.

Brief of Petitioner at 1.

> As outlined above, Section 402.1(1) of the Law states, in pertinent part:

> [B]enefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years . . . to any individual if such individual performs such services in the first of such academic years . . . *and* if there is . . . a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

43 P.S §802.1(1) (emphasis added).

Considering Employer's appellate claims, "[t]his case turns on the intent of Section 402.1(1) of the Law, as expressed in its words. 1 Pa. C.S.

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

§1921(a)." *Kolenich v. Unemployment Compensation Board of Review*, 269 A.3d 615, 623 (Pa. Cmwlth. 2021). With respect to disqualification under Section 402.1(1), this Court has explained:

> The basic principle is that "service for educational institutions" qualifies for unemployment benefits. There is an exception in subsection (1) for benefits that would otherwise be payable during a school break, so long as the employee receives "reasonable assurance" of a job after the break. Where school employees are "reasonably assured of resuming employment in a learning institution" after a break, they are disqualified from receiving benefits during the break. *Penn Hills School District v. Unemployment Compensation Board of Review*, 437 A.2d 1213, 1217 (Pa. 1981).

269 A.3d at 619.

> In construing Section 402.1(1)'s terms, this Court has observed:

> [T]he Board gives a broad construction to the exception in Section 402.1(1) from eligibility for benefits. However, exceptions in a statute are to be narrowly construed. *See Phillips v. State Ethics Commission*, 470 A.2d 659, 661 (Pa. Cmwlth. 1984) (stating that "remedial legislation [] is to be liberally construed . . . and exclusions under the [a]ct should be narrowly, rather than broadly, determined"); *see also, e.g.*, *Penn Hills School District*, 437 A.2d at 1215 (holding that an unemployed worker can be denied benefits only by explicit language in the Law that clearly and plainly excludes coverage).

269 A.3d at 622-23.

In light of the foregoing, it is clear that Employer's construction of the exception in Section 402.1(1) is untenable. By its plain terms, in order for Claimant to be ineligible under Section 402.1(1), she must have received from Employer "a reasonable assurance" of continued employment in "the second of such academic years" before the expiration of "the period between two successive academic years,"

7

and before the commencement of "second of such academic years."  43 P.S. §802.1(1).  Based on the Board's factual findings,[4] Claimant did not receive from Employer any such "reasonable assurance" of continued employment in the 2020-2021 academic year during the period of unemployment between the 2019-2020 and the 2020-2021 academic years.  Employer's *post hoc* September 4, 2020 letter simply cannot be relied upon to render Claimant ineligible to receive benefits for the waiting week ending August 15, 2020, during the break between the academic years, and before the beginning of the 2020-2021 academic year on August 25, 2020.

Accordingly, the Board's order is affirmed.

MICHAEL H. WOJCIK, Judge

---

[4] We will not accede to Employer's request to review the Board's credibility determinations or to make additional findings based on assertions in its appellate brief.  As this Court has stated:

> [I]t is well settled that the Board is the ultimate finder of fact in unemployment compensation proceedings.  Thus, issues of credibility are for the Board which may either accept or reject a witness' testimony whether or not it is corroborated by other evidence of record.  Findings of fact are conclusive upon review provided that the record, taken as a whole, contains substantial evidence to support the findings.  This Court must examine the evidence in the light most favorable to the party [that] prevailed before the Board, and to give that party the benefit of all inferences that can be logically and reasonably drawn from the testimony.

*Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011) (citations omitted).  As outlined above, the Board's findings are amply supported by evidence in the certified record of this case, and these findings support the Board's determination that Claimant is not ineligible for benefits under Section 402.1(1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

North Hills School District,      :
     :
           Petitioner      :
     :
       v.      : No. 700 C.D. 2021
     :
Unemployment Compensation      :
Board of Review,      :
     :
           Respondent      :

# **O R D E R**

AND NOW, this 13th day of April, 2022, the order of the Unemployment Compensation Board of Review dated May 28, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge