Girard Giant EAGLE, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted Jan. 20, 1995.

Decided May 15, 1995.

Warner Mariani, for petitioner.

James K. Bradley, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Girard Giant Eagle (Employer) petitions for review of the order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee granting benefits to Paul T. Flanigan (Claimant) pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). The issue on appeal is whether the Board improperly considered hearsay evidence to support its decision. We affirm.

Claimant was employed as a meat manager by Employer from June 19, 1989, until his last day of work on April 28, 1994. On that date, Claimant was questioned concerning an incident that took place the day before regarding his break time. Employees are given two fifteen minute breaks per day in addition to their lunch break, and are required to punch out and then back in on a time clock for the allotted fifteen minutes. Claimant was aware of this policy and admitted that he extended his break time on two occasions after punching back in on the time clock, once because he had been interrupted to help a customer, and another time to

answer a page. After the second of these incidents, which occurred on April 27, 1994, Claimant was discharged for insubordination for violating Employer's break rule.

The Bureau of Unemployment Compensation Benefits and Allowances (Bureau) approved Claimant's application for benefits. Employer appealed that determination and a hearing was held before the referee, who affirmed the Bureau's determination and granted benefits pursuant to Section 402(e). On Employer's further appeal, the Board issued the following pertinent findings of fact in affirming the referee:

6. In December 1993, claimant was counselled regarding an incident of claimant extending a break period.

7. Claimant explained that he did this due to being interrupted by calls to assist customers.

8. Claimant testified that he was told by a manager to use his judgment and to not take advantage of the situation.

9. Claimant felt that taking care of the customers was to employer's advantage.

. . . .

11. On April 27, 1994, claimant again extended his break after punching back in because his break had been interrupted by a call related to his job duties.

12. Claimant did extend his break due to another interruption.

13. Claimant believed he did not take advantage of the manager's directive regarding breaks.

. . . .

16. Claimant worked to the best of his ability.

■ The Board concluded that Employer had not met its burden of establishing that Claimant was discharged due to willful misconduct and accordingly found him eligible for benefits. On appeal to this Court, Employer raises a single issue of whether the Board improperly relied upon hearsay evidence, as set forth in Finding of Fact No. 8,

to support its decision.[1]

▮ Whether Claimant's actions rose to the level of willful misconduct is a question of law fully reviewable by this Court. *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978). Employer has the burden of proving willful misconduct, and where as here, a rule violation is alleged, Employer has the burden of establishing the existence of the rule and its violation. *Williams v. Unemployment Compensation Board of Review*, 141 Pa.Commonwealth Ct. 667, 596 A.2d 1191 (1991). Once Employer proves both the existence of the rule and that it was violated, the burden then shifts to Claimant to prove that he had good cause for his actions. *Id.*

There is no dispute that Employer proved both the existence and violation of its break rule, as testified to by its witness, Nancy Lozowski, and set forth by the Board in its findings. Claimant admitted that he was aware of Employer's rule that breaks were limited to fifteen minutes and that extensions beyond that were not permitted. However, Claimant also testified that he was justified in extending his break when he interrupted it to help a customer, which he felt was to Employer's advantage. Claimant testified that he only extended his break the amount of time he had been interrupted.

The only question to be resolved by the Board was whether the record contained sufficient evidence to support the referee's findings of good cause for breaking the rule which Claimant admits breaking. Employer claims that there is no such competent evidence in the record, because the evidence relied upon was uncorroborated hearsay and the referee was in error accepting and relying on incompetent evidence. The words used by Claimant in his testimony are "[the manager] told me to use my judgment and not to take advantage of the situation...."[2] The question before us is whether Employer's contention, that these words constitute hearsay, is correct.

▮ Hearsay is an out of court statement, oral or written, or even non-verbal, which is offered for the purpose of proving the truth of the matter asserted in the statement.[3] Clearly, when we speak of proving the truth of the matter asserted we can only be speaking of a factual assertion, not an order or a command, not a question or a request. Black's Law Dictionary defines statement as "a declaration of matters of fact." The words of the manager in the case before us certainly are not a declaration of matters of fact, they are an order or command. They were offered to explain why Claimant did what he did at the time of the incident. We can only conclude that these words do not constitute hearsay. The Supreme Court put it this way, "[i]t is well established that an out-of-court statement offered to explain a course of conduct is not hearsay."[4] State of mind is a phrase often used for this situation, as an explanation that it is not hearsay because it is not offered for the truth of its content, but to show that this is what the witness understood, what was in his mind when he acted as he did. He, being the witness, can be cross-examined at length to test the credibility of whether this was his state of mind. Claimant believed that he was justified in violating the rule if, in his discretion, he believed he was benefiting Employer's interests by helping a customer. The Board, as the ultimate fact-finder and arbiter of the witnesses' credibility,[5] believed Claimant's testimony and concluded that he had not deliberately or intentionally violated Employer's rule.

1. Our scope of review of a decision by the Unemployment Compensation Board of Review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether substantial evidence supports the necessary findings of fact. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

2. June 20, 1994 Hearing, N.T., p. 15.

3. *Spotts v. Reidell*, 345 Pa.Superior Ct. 37, 497 A.2d 630 (1985).

4. *Commonwealth v. Cruz*, 489 Pa. 559, 565, 414 A.2d 1032, 1035 (1980).

5. *Greif v. Unemployment Compensation Board of Review*, 68 Pa.Commonwealth Ct. 437, 450 A.2d 229 (1982).

Accordingly, because we conclude that the Board's findings of fact are supported by substantial evidence and there is no error of law, we affirm the decision of the Board.

PELLEGRINI and FRIEDMAN, JJ., concur in the result only.

### ORDER

AND NOW, this 15th day of May, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.