Patrick M. CURRAN, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 20, 2000.
Decided June 1, 2000.

Before DOYLE, President Judge, and FRIEDMAN, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Senior Judge.

Patrick M. Curran (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) that reversed a decision of a referee and denied him unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed by General Electric Company (Employer) as a machinist. On May 19, 1999, Claimant was suspended from his employment for accessing the internet in violation of Employer's rules and policies. By letter dated May 24, 1999, Mark Thomas, Employer's business manager, informed Claimant that he would be terminated, effective May 20, 1999. The letter advised Claimant that the peer panel process was available if he should so desire. Thomas sent Claimant a second letter on June 2, 1999, advising him that the decision to terminate his employment was unchanged.

Claimant applied for unemployment compensation benefits which were granted by the local Job Center. Employer appealed and a hearing was held before a referee. At the hearing, Employer presented the testimony of Ronnie Parnell, manager of Human Resources and Thomas, the business manager. Parnell testified that Employer has a policy which prohibits unauthorized use of Employer's computers for personal business. Parnell testified that this policy is set forth in a handbook which was given to all employees in the fall of 1998. Parnell testified that a violation of the policy results in progressive discipline, determined on a case by case basis. Parnell testified that

Gerald Lee Cassady, Franklin, for petitioner.

Matthew W. McCullough, Erie, for intervenor, General Electric Co.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to willful misconduct connected with his work.

Claimant received a verbal warning on September 16, 1998 for using the internet during workhours, a written warning on December 2, 1998 and another verbal warning on May 13, 1999. Parnell testified that Claimant was discharged for accessing the internet during workhours on May 19, 1999.

Thomas testified that when an employee is suspended, he has an opportunity to meet with the person who suspended him, to state his side of the story and to present additional information to the decision maker in an effort to get the decision maker to reconsider the suspension. Thomas testified that he was the person who suspended Claimant and that he met with Claimant on May 28, 1999. Thomas testified that Claimant requested a second chance and stated that, if given a second chance, he would not access the internet again. Thomas testified that Claimant told him that he was depressed due to the death of his mother and found solace on the internet. As a result of this meeting, Thomas sent Claimant the letter, dated June 2, 1999, advising him that the decision to discharge him was unchanged.

Claimant testified that on May 19, 1999 he had gone to the rest room and that as he was returning, he noticed that a co-worker was sitting at his, Claimant's, computer terminal. The co-worker had accessed the internet on Claimant's computer. Claimant testified that at the same time he arrived at his computer, a supervisor also arrived at the workstation. Claimant denied accessing the internet at the time the supervisor arrived.

The referee issued a decision affirming the decision of the Job Center. The referee found that Claimant did not access the internet on May 19, 1999. Employer appealed and the Board reversed the decision of the referee. The Board found that the other employee had accessed the internet on Claimant's computer when Claimant had gone to the restroom but that Claimant had also accessed the internet

earlier that day. Claimant now appeals to this Court.

On appeal, Claimant argues that the Board's finding that he accessed the internet on May 19, 1999 is not supported by substantial evidence. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Baran v. Unemployment Compensation Board of Review*, 739 A.2d 1124 (Pa.Cmwlth.1999).

In an unemployment compensation proceeding, the Board is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985). Findings made by the Board are conclusive and binding on appeal if the record, when examined as a whole, contains substantial evidence to support those findings. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). In the case before us, the Board resolved any conflicts in testimony in favor of Employer, finding Employer's testimony to be credible.

At the hearing before the referee, Mark Alan Thomas, Employer's witness, testified that on May 28, 1999, Claimant asked him for a second chance and stated that if given a second chance, he would not access the internet again. Claimant admitted that he asked Thomas for a second chance and said that he would never get on the internet again. Claimant characterized his statements as being made in an effort to preserve his job. At the hearing, the following exchange took place between Claimant and his attorney.

Q. But you did not admit that you used the computer *on that day*.

A. I was never on it *that night.* Never.

Q. All right. And you're telling the Referee now under oath that you did not access the internet on *that night.*

A. I did not.

Notes of Testimony, p. 14 (emphasis added). The following exchange took place between Claimant and Ronnie Parnell, Employer's witness.

Q. On the–did you tell the peer panel, Pat, that on that night you were on the internet?

A. No, I did not. I was sitting in that room, I said Al was on the computer. I wasn't even there.

Q. You did not say I was on it earlier in the evening?

A. Earlier–but not in the evening, no. I said I didn't recall being on that internet at all that night. You asked me if I was on it, and I said I don't recall being on it at all.

*Id.* at 14–15.

■ The party prevailing before the Board is entitled on appeal to any favorable inferences that can logically and reasonably be drawn from the evidence. *Willis v. Unemployment Compensation Board of Review,* 93 Pa.Cmwlth. 308, 500 A.2d 1293 (1985). From the testimony before the referee, the Board could reasonably infer that Claimant had accessed the internet on May 19, 1999, although not at a time that the supervisor observed the co-worker at Claimant's computer terminal. Although Employer suspended Claimant based on the incident observed by the supervisor, the decision to terminate Claimant was made on May 24, 1999 and was reaffirmed on June 2, 1999, after Thomas had met with Claimant who stated that he would not access the internet again.

■ Willful misconduct has been defined as an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of a standard of behavior which the employer has the right to expect, or negligence rising to the level of an intentional disregard of the employer's interest. *Myers v. Unemployment Compensation Board of Review,* 533 Pa. 373, 625 A.2d 622 (1993). Whether a claimant's conduct rises to the level of willful misconduct is a question of law reviewable by this Court. *Artis v. Unemployment Compensation Board of Review,* 699 A.2d 849 (Pa. Cmwlth.1997). The employer has the burden of proving willful misconduct. *Campbell v. Unemployment Compensation Board of Review,* 694 A.2d 1167 (Pa. Cmwlth.1997).

■ Where an employee is accused of willful misconduct for violating a work rule, the employer bears the burden of establishing the existence of the work rule and the fact of its violation. *Girard Giant Eagle v. Unemployment Compensation Board of Review,* 659 A.2d 60 (Pa.Cmwlth. 1995). Once the employer proves both the existence of the rule and that it was violated, the burden then shifts to the employee to establish that he had good cause for his actions. *Id.* Employer established that it had a policy regarding use of the internet during work hours, and that Claimant had violated that policy. Claimant presented no evidence to establish good cause for his actions.

The order of the Board is affirmed.

*O R D E R*

AND NOW, this 1st. day of June, 2000, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.