# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Paul D. Asturi, | : |
| Petitioner | : |
| | : No. 218 C.D. 2015 |
| v. | : |
| | : Submitted: July 17, 2015 |
| Unemployment Compensation | : |
| Board of Review, | : |
| Respondent | : |

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                     FILED:  September 3, 2015


Paul D. Asturi (Claimant) petitions for review of the December 11, 2014 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision that Claimant was ineligible for benefits under sections 401, 401(c), 4(u), and 404(d) of the Unemployment Compensation Law (Law)[1] and

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§801, 801(c), 753(u), and 804(d).  Section 401 of the Law simply states that "[c]ompensation shall be payable to any employe who is or becomes unemployed. . . ."  43 P.S. §801.  Section 401(c) requires the employee to make a "valid application for benefits" in order to receive such compensation.  43 P.S. §801(c).  Section 4(u) states that:

> An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which

**(Footnote continued on next page…)**

assessed a fault overpayment in the amount of $3,682.00 under section 804(a) of the Law.[2] The referee further imposed sixteen penalty weeks and a financial penalty in the amount of $552.30 under sections 801(b) and (c) of the Law.[3]

The underlying facts are not in dispute. Claimant originally worked full-time for the Commonwealth, but for reasons not apparent in the record, his position either ended or was eliminated. On May 19, 2013, Claimant filed a claim for unemployment compensation benefits, establishing a weekly benefit rate of $263.00 and a partial benefit credit of $79.00, for a total of $342.00. Claimant later accepted a part-time position with the Pennsylvania Department of Transportation (Employer), earning $16.69 per hour. Nevertheless, Claimant continued receiving full unemployment compensation benefits. In filing his bi-weekly claims, Claimant repeatedly denied that he was working and reported zero earnings.

In early 2014, the Department of Labor and Industry's Bureau of Unemployment Compensation Benefits and Allowances (Bureau) initiated an investigation into Claimant's earnings by sending Employer a form entitled

_____

**(continued…)**

> no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

43 P.S. §753(u). Finally, section 404(d) allows for the payment of partial compensation. 43 P.S. §804(d).

[2] 43 P.S. §874(a). This section provides for the recoupment of any compensation paid to "[a]ny person who by reason of his fault has received any sum as compensation under this act . . . ."

[3] 43 P.S. §§871(b), (c). These sections provide for the imposition of penalty weeks as well as a penalty in the amount of 15% of the compensation paid against any person who makes a false statement or knowingly fails to disclose a material fact to obtain compensation under the Law.

"Employer Inquiry Notice," requesting a detailed statement of Claimant's earnings in the third quarter of 2013. Employer returned the form, which revealed that Claimant earned in excess of $342.00 per week for the weeks ending July 6, 2013, through October 5, 2013.[4] In a "Claimant Questionnaire," Claimant stated that he believed that the wages he earned did not need to be reported because they were below the total of his weekly benefit rate and partial benefit credit.

Thereafter, the Department of Labor and Industry (Department) issued separate notices of determination disapproving Claimant's claims for the weeks ending July 6, 2013, through October 5, 2013; concluding that Claimant failed to file a valid application for benefits for each of these weeks; and concluding that Claimant intentionally provided false information to the Bureau which resulted in a fault overpayment of $3,682.00 in unemployment compensation benefits. The Department further imposed upon Claimant sixteen penalty weeks and a 15% financial penalty in the amount of $552.30.

---

[4] Specifically, the form reflected that Claimant earned the following wages:

| | |
|---|---|
| June 30 to July 6 | $400.50 + $91.66 (holiday pay) |
| July 7 to July 13 | $484.61 |
| July 14 to July 20 | $564.71 |
| July 21 to July 27 | $516.65 |
| July 28 to August 3 | $520.65 |
| August 4 to August 10 | $416.52 + $96.12 (holiday pay) |
| August 11 to August 17 | $510.65 |
| August 18 to August 24 | $484.61 |
| August 25 to August 31 | $400.50 + $96.12 (holiday pay) |
| Sept. 1 to Sept. 7 | $548.69 |
| Sept. 8 to Sept. 14 | $484.61 |
| Sept. 15 to Sept. 21 | $464.58 + $88.11 (civil leave) |
| Sept. 22 to Sept. 28 | $508.63 |
| Sept. 29 to Oct. 5 | $484.61 |

Claimant appealed, alleging that he was confused as to the procedure for filing for benefits while working part-time, that he believed he was acting in accordance with the Pennsylvania Unemployment Compensation Handbook (UC Handbook), and that he never knowingly sought to defraud the Department. Claimant stated that he would reimburse the Department if he was overpaid, but he did not believe that the penalty weeks and financial penalty were appropriate. A hearing was scheduled and held before the referee on October 9, 2014.

Stephen Martin, a human resource analyst for Employer, testified that the wage information previously submitted by Employer accurately reflected Claimant's wages for the weeks ending July 6, 2013, through October 5, 2013. Martin also stated that Claimant continues to work part-time for Employer at a rate of $16.69 per hour.

Claimant testified that he was not disputing the overpayment, but that he was disputing the Department's conclusion that he acted knowingly and with the intent to defraud. Claimant again cited his confusion with the UC Handbook and its explanation of benefits while working part-time.

Upon questioning by the referee, Claimant admitted that each time he filed a claim he was asked if he was working and he responded in the negative. Claimant stated that he was confused by the process, and he referenced a situation in the previous year where he filed for unemployment compensation benefits, responded incorrectly to a question asked by the Department, and had to wait several weeks before he received his check. Claimant denied that he failed to report his earnings because he wanted the money. Instead, Claimant explained he became a father in 2013, had a family to support, and could not afford any delay in the receipt of his benefits at that time. Claimant testified that he "didn't want to take any chances on

4

doing something wrong and not getting, you know, what I needed." (Notes of Transcript, October 9, 2014, at 7.)

The referee held that Claimant was ineligible for benefits for the weeks ending July 6, 2013, through October 5, 2013, under sections 401, 401(c), 4(u), and 404(d) of the Law and assessed a fault overpayment in the amount of $3,682.00 under section 804(a) of the Law. The referee also imposed sixteen penalty weeks and a financial penalty in the amount of $552.30 under sections 801(b) and (c) of the Law.

Claimant appealed to the Board, which adopted the decision of the referee. The Board specifically discredited Claimant's testimony that he did not knowingly or intentionally fail to report his earnings due to alleged confusion.

On appeal to this Court,[5] Claimant argues that the Board erred in assessing a fault overpayment as well as sixteen penalty weeks and a 15% financial penalty. We disagree.

In relevant part, section 804(a) of the Law states as follows:

> Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue as provided by section 806 of the act of April 9, 1929 (P.L. 343, No. 176), known as "The Fiscal Code," per month or fraction of a month from fifteen (15) days after the Notice of Overpayment was issued until paid.

43 P.S. §874(a). Sections 801(b) and (c) provide that:

---

[5] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 n.4 (Pa. Cmwlth. 2010).

(b) Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act or under an employment security law of any other state or of the Federal Government or of a foreign government, may be disqualified in addition to such week or weeks of improper payments for a penalty period of two weeks and for not more than one additional week for each such week of improper payment: Provided, That no additional weeks of disqualification shall be imposed under this section if prosecution proceedings have been instituted against the claimant because of such misrepresentation or non-disclosure. The departmental determination imposing penalty weeks under the provisions of this subsection shall be subject to appeal in the manner provided in this act for appeals from determinations of compensation. The penalty weeks herein provided for shall be imposed against any weeks with respect to which the claimant would otherwise be eligible for compensation, under the provisions of this act, which begin within the four year period following the end of the benefit year with respect to which the improper payment or payments occurred.

(c) Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase compensation or other payment under this act or under an employment security law of the Federal Government and as a result receives compensation to which he is not entitled shall be liable to pay to the Unemployment Compensation Fund a sum equal to fifteen per centum (15%) of the amount of the compensation. . . .

43 P.S. §§871(b), (c).

In the present case, Claimant admitted that when he filed his claims for the weeks ending July 6, 2013, through October 5, 2013, he repeatedly stated that he was not working, when in fact he had been working in a part-time position with Employer. Indeed, Martin testified that Claimant continues to work for Employer in this position. Additionally, the evidence of record reveals that during this employment, Claimant's weekly part-time earnings exceeded $342.00, the total of his

weekly benefit rate plus his partial benefit credit, thereby rendering him ineligible for unemployment compensation benefits for the weeks at issue.

Claimant did not dispute the earnings evidence reflected in the record. Moreover, the Board specifically discredited Claimant's testimony that he was confused regarding the process and did not knowingly or intentionally fail to report his earnings. The law is well settled that in unemployment compensation proceedings, the Board is the ultimate fact-finder, empowered to determine the weight and credibility of the evidence, resolve conflicts in the evidence, and is free to reject even uncontradicted testimony. *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1164 (Pa. Cmwlth. 2013); *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000).

Because substantial evidence supports the Board's determination that Claimant knowingly or intentionally made false statements in submitting his bi-weekly claims, the Board did not err in assessing a fault overpayment or in imposing the penalty weeks and financial penalty.

Accordingly, the order of the Board is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul D. Asturi,                              :
                    Petitioner              :
                                             :    No.  218 C.D. 2015
          v.                                 :
                                             :
Unemployment Compensation                    :
Board of Review,                             :
                    Respondent              :

## *ORDER*

AND NOW, this 3rd day of September, 2015, the order of the Unemployment Compensation Board of Review, dated December 11, 2014, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge