IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael A. Busciacco,           :
              Petitioner    :
                            :  No. 908 C.D. 2015
           v.           :
                            :  Submitted: October 9, 2015
Unemployment Compensation  :
Board of Review,            :
              Respondent  :

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED: January 5, 2016

        Michael A. Busciacco (Claimant) petitions *pro se* for review of the April 30, 2015 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination and held that Claimant received an overpayment of benefits in the amount of $2,409.00 that is subject to recoupment.

        Claimant filed an initial claim for benefits with an effective date of April 1, 2012. During the weeks at issue, Claimant worked at two casinos, Harrah's Casino and Borgata. On September 4, 2014, the Department of Labor and Industry, Bureau of UC Benefits and Allowances, issued a Notice of Determination advising Claimant

---

[1] This matter was assigned to this panel before January 1, 2016, when President Judge Pellegrini assumed the status of senior judge.

of the following: his earnings during the period from weeks ending May 12, 2012, through December 22, 2012, exceeded his weekly benefit rate plus his partial benefit credit; he knowingly failed to report all earnings, and therefore failed to file a valid claim for benefits for the specified weeks; and, as a result, a fault overpayment under section 804(a) of the Unemployment Compensation Law (Law)[2] was established in the amount of $10,788.00. The notice also imposed a penalty of 28 weeks of benefits and a penalty of $1,618.20 in accordance with section 801 of the Law.[3] (Record Item No. 2.)

Claimant appealed, asserting that Borgata had incorrectly reported his income; Claimant submitted approximately forty-three pages of pay statements to support his assertion. (Record Item No. 3.) A referee held a hearing on October 14, 2014, at which Claimant appeared and an agency claims examiner participated by telephone. Claimant testified that he worked at Borgata as a tournament dealer, and as such, he received a poker "toke" (gratuity) that is recorded in half-hour intervals. Claimant explained that the poker toke rate "is the rate that's given from the pool of 3% of the buy-ins [and] can't be determined until the weeks are over . . . ." (Notes of Testimony (N.T.) at 6.) Claimant testified that he asked an agency representative how to report this income and was told he could "average it out." (*Id.*) He also noted

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §874(a). This section provides for the recoupment of any compensation paid to "[a]ny person who by reason of his fault has received any sum as compensation under this act . . . ."

[3] 43 P.S. §871. In relevant part, section 801 provides for the imposition of penalty weeks as well as a penalty in the amount of 15% of the compensation paid against any person who makes a false statement or knowingly fails to disclose a material fact to obtain compensation under the Law.

that in some instances, Borgata reported his income for a two-week period, whereas the Notice of Determination had recorded those earnings in a one-week period. (*Id.*)

With respect to the week ending June 16, 2012, Claimant acknowledged that he reported earnings of $393.00 but that half of the weekly wages reported by Borgata totaled approximately $882.00. (N.T. at 8.) Similarly, Claimant acknowledged that he earned approximately $770.00 during the weeks of November 17 and November 24, 2012, but reported earnings of only $233.00 and $216.75 for those weeks. (N.T. at 11.) When asked to explain the discrepancies, Claimant replied that he had no way of determining the toke rate. (*Id.*) Claimant added that he did not understand exactly how Pennsylvania unemployment works; he said that he reported what he earned, that he made much more money when he worked two large tournaments, and that his earnings were always reported three weeks later. (N.T. at 8-11.)

Claimant testified that he received a handbook when he filed his claim. (N.T. at 9.) Claimant also testified that when he realized that he had earned $1,500.00 and reported only $450.00, he did not contact the unemployment office and report a mistake because he did not know what had to be done. (N.T. at 11-13.) The agency claims examiner acknowledged that some of Claimant's earnings from Borgata had been incorrectly noted, but he stated that Claimant nevertheless failed to report all of his earnings from May through December 2012. (N.T. at 13-14.)

The referee found that Claimant's actual earnings exceeded his partial benefit credit and that Claimant knew or should have been aware that he was required to report his correct earnings when he filed for benefits. Specifically, the referee found that Claimant failed to properly report his wages, and therefore failed to file a valid claim for benefits, for the weeks ending May 12, 2012 through June 9, 2012;

3

July 7, 2012 through August 4, 2012; August 18, 2012 through October 13, 2012; October 27, 2012; December 8, 2012; and December 15, 2012. Consequently, the referee found that Claimant has an overpayment of $2,409.00 that was subject to recoupment in accordance with section 804(a) of the Law.[4] However, citing Claimant's testimony that it was difficult to figure his wages due to the way he was paid and that he did not intentionally withhold information when he filed for benefits, the referee imposed no penalties under section 801(b) of the Law. Claimant appealed to the Board, which affirmed the referee's decision and adopted the referee's findings and conclusions.

On appeal to this Court,[5] Claimant argues that the Board erred in determining that he received an overpayment of benefits. Claimant again notes that the earnings reported by Borgata were double his actual earnings. After review of the record, we disagree.

---

[4] In relevant part, section 804(a) of the Law states as follows:

> Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue as provided by section 806 of the act of April 9, 1929 (P.L. 343, No. 176), known as "The Fiscal Code," per month or fraction of a month from fifteen (15) days after the Notice of Overpayment was issued until paid.

43 P.S. §874(a).

[5] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 n.4 (Pa. Cmwlth. 2010).

The agency claims examiner acknowledged the reporting error, and the referee adjusted the initial determination of the overpayment from $10,788.00 to $2,409.00.  Although the manner in which Claimant was paid, and particularly the calculation of tokes, made it difficult, if not impossible, to accurately report his earnings on a *timely* basis, the documentation Claimant submitted demonstrates that he did not report the full amount of his income even after he had the necessary information.  Claimant acknowledged that he received a handbook when he filed his claim, and he testified that when he realized that he had earned $1,500.00 and reported only $450.00, he did not contact the unemployment office and report a mistake.  (N.T. at 9, 11-13.)

The law is well settled that in unemployment compensation proceedings, the Board is the ultimate fact-finder, empowered to determine the weight and credibility of the evidence, and resolve conflicts in the evidence, and is free to reject even uncontradicted testimony.  *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1164 (Pa. Cmwlth. 2013); *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000).    Because substantial evidence supports the Board's determination that Claimant knowingly failed to report earned income in submitting his bi-weekly claims and received benefits to which he was not entitled, the Board did not err in assessing a fault overpayment subject to recoupment under section 804(a) of the Law.

Accordingly, the order of the Board is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge


5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael A. Busciacco,           :
         Petitioner        :
                            :   No. 908 C.D. 2015
        v.                 :
                            :
Unemployment Compensation   :
Board of Review,            :
         Respondent     :

## _ORDER_

AND NOW, this 5th day of January, 2016, the order of the Unemployment Compensation Board of Review, dated April 30, 2015, is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge