# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jon Galante,                                         :
                      Petitioner          :
                                      :
              v.                 :  No. 1962 C.D. 2015
                                        :  SUBMITTED: April 1, 2016
Unemployment Compensation                            :
Board of Review,                                     :
                      Respondent          :

BEFORE:     HONORABLE ROBERT SIMPSON, Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER                     FILED:  July 14, 2016

Claimant Jon Galante, appearing *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's order that unemployment compensation benefits were payable to Claimant in the amount of $59.00 per week from December 10, 2011, through February 18, 2012, and which modified the referee's order to provide that an overpayment to Claimant was not a fault overpayment but, rather, a non-fault overpayment. We affirm.

The referee, affirmed by the Board,[1] found as follows.

1. The claimant filed an application for unemployment compensation benefits with an effective date of October 16, 2011 establishing a weekly benefit amount of $210, partial benefit credit of $84 and a combined amount of $294.

2. The claimant filed for and received unemployment compensation benefits as listed in the following table:

| Claim Week | Reported Earnings | Actual Earnings | UC Benefits Paid |
|---|---|---|---|
| 10/29/2011 | 0.00 | $90.00 | Waiting Week |
| 12/10/2011 | 0.00 | $239.13 | $210 |
| 12/17/2011 | 0.00 | $239.13 | $210 |
| 12/24/2011 | 0.00 | $239.13 | $210 |
| 12/31/2011 | 0.00 | $239.13 | $210 |
| 1/7/2012 | 0.00 | $239.13 | $210 |
| 1/14/2012 | 0.00 | $239.13 | $210 |
| 1/21/2012 | 0.00 | $239.13 | $210 |
| 1/28/2012 | 0.00 | $239.13 | $210 |
| 2/4/2012 | 0.00 | $239.13 | $210 |
| 2/11/2012 | 0.00 | $239.13 | $210 |
| 2/18/2012 | 0.00 | $239.13 | $210 |

3. The wages listed in the actual earnings column were earned by the claimant during the weeks listed from Moniteau School District.

4. The claimant signed a contract with the Moniteau School District to be the [a]ssistant basketball coach for the 2011-2012 school year.

---

[1] The Board adopted and incorporated the referee's findings of fact and conclusions of law except that it deleted any reference to a fault overpayment, finding record evidence of Claimant's fault insufficient.

5. The claimant was paid a salary of $3587 for the basketball season.

6. The basketball season officially begins in Mid-November and ends after the final game.

7. The final game for the 2011-12 school year was February 23, 2012.

8. The claimant did not report his coaching wages when filing for unemployment benefits as he attributed his earnings to the entire year and did not report the result as they were less than his partial benefit credit.

(Referee's Decision, mailed February 6, 2015, at 1-2, Findings of Fact Nos. 1-8.)

The referee then reasoned that Claimant received unemployment compensation benefits to which he was not entitled because he failed properly to report his earnings. The referee also reasoned, however, that Claimant was not ineligible to receive partial unemployment compensation benefits, determining in this regard that Claimant was overpaid due to his own fault as follows:

| Claim Week | Payable | Overpaid |
|------------|---------|----------|
| 10/26/2011 | Valid Waiting Week | $0 |
| 12/10/2011 | $59 | $153 |
| 12/17/2011 | $59 | $153 |
| 12/31/2011 | $59 | $153 |
| 1/7/2012 | $59 | $153 |
| 1/14/2012 | $59 | $153 |
| 1/21/2012 | $59 | $153 |
| 1/28/2012 | $59 | $153 |
| 2/4/2012 | $59 | $153 |

| 2/11/2012 | $59 | $153 |
| 2/18/2012 | $59 | $153 |

(Referee's Decision, mailed February 6, 2015, at 3.)

On appeal, as set forth above, the Board affirmed the referee's decision, but with a modification regarding the $1,530.00 fault overpayment. The Board specifically stated that it "credits the claimant's testimony that because he was paid one lump sum for coaching, he forgot he was getting paid at the time he filed for benefits. Therefore, a non-fault payment is established." (Board's Decision, mailed April 9, 2015, at 1.)

Afterward, the Board granted Claimant's request for reconsideration and vacated its order. By decision mailed September 9, 2015, however, the Board reinstated its decision mailed April 9, 2015. In doing so, the Board reasoned that, "after giving careful consideration to all of the testimony and issues raised in the claimant's written argument[, the Board] finds the employer's testimony credible that the basketball season is not a year round position, and furthermore, that the claimant failed to establish that the additional activities he performed before and after the season were mandated under his coaching contract[.]" (Board's Decision, mailed September 9, 2015, at 1.) Claimant's petition for review to this Court followed.

On appeal here, Claimant first argues that, pursuant to his employment contract, his wages as an assistant basketball coach were distributed in one lump sum, which he earned over a fifty-two week period. Thus, Claimant contends, he owes no money to the unemployment compensation authorities because his annual salary of $3,587.00, divided by fifty-two weeks, results in a

weekly salary of $68.98, which is below the partial benefit credit of $84.[2] In support of his position, Claimant asserts that "[n]owhere in the contract does it state [that he] was to be paid for 10 weeks for 2011-12 like [Employer's witness] testified." Claimant's brief at 12.[3]

Unfortunately for Claimant, however, his employment contract is not contained in the original record certified to this Court by the unemployment compensation authorities.[4] Moreover, the referee, affirmed by the Board, determined based on Employer's witness's testimony, that payment for Claimant's position was seasonal.[5] (Notes of Testimony (N.T.), Telephone Hearing of January 29, 2015, at 14). The law is clear that, in an unemployment compensation proceeding, the Board is the ultimate fact finder, with the power to resolve evidentiary conflicts and witness credibility. *Curran v. Unemployment Comp. Bd. of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2001). Because the Board did not accept Claimant's version of the facts, Claimant's first argument lacks merit.

---

[2] A partial benefit credit is defined in part as "that part of the remuneration, if any paid or payable to an individual with respect to a week for which benefits are claimed under the provisions of this act, which is not in excess of thirty per centum (30%) of the individual's weekly benefit rate or six dollars whichever is the greater." Section 4(m.3) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753(m.3).

[3] The record reflects that the witness to whom Claimant refers is Deb Mihalek, Moniteau School District's "confidential secretary of payroll." (Notes of Testimony (N.T.), Telephone Hearing of January 29, 2015, at 1).

[4] While referred to by the referee and Claimant respectively as Exhibit #9 (N.T., Telephone Hearing of January 29, 2015, at 5-6 and 14), the Board asserts in its brief that, "notably, neither party submitted the actual contract into the record." (Board's brief at 12). Claimant does not contend otherwise.

[5] Ms. Mihalek was the only witness to offer testimony to this effect. For example, in response to Claimant's question why she stated that his pay was for ten weeks rather than the whole year, Ms. Mihalek stated that it was because "the basketball season is not for the full school year." (N.T., Telephone Hearing of January 29, 2015, at 14.)

Next, Claimant asserts that the referee conducted the hearing improperly because she interrupted him on multiple occasions, thereby prohibiting him from making and completing statements and from asking and completing questions that would have allowed him "the opportunity to disallow the hearsay." (Claimant's brief at 20). While Claimant did not specifically raise the issue of the referee's failure to afford him a proper hearing in his petition for review to this Court, we are able to address this issue from the certified record and thus will do so. Pa. R.A.P. 1513(d).

In this regard, having read the notes of testimony, which are nearly twenty-six pages long, we note that the referee reminded the parties of their rights, (N.T., Telephone Hearing of January 29, 2015, at 2), gave Claimant the opportunity to cross-examine the School District's sole witness, (*id.* at 11-15), gave Claimant the opportunity to testify on his own behalf, (*id.* at 18-21) and gave Claimant the chance to offer additional information, (*id.* at 23.) When asked if there was "[a]nything else," however, Claimant specifically replied: "Nope." (*Id.*) Moreover, we note that the School District's witness's testimony regarding how Claimant was paid was by definition not hearsay, because she was the payroll secretary called to testify at the hearing regarding her specific knowledge of the subject. Finally, it has long been the law of this Commonwealth that a layperson who chooses to represent himself in a legal proceeding assumes, to a reasonable extent, the risk that his lack of legal prowess and training will be his undoing. *Stugart v. Unemployment Comp. Bd. of Rev.*, 85 A.3d 606, 609 (Pa. Cmwlth. 2014). The referee was not required to show Claimant any deference beyond that which she would have shown him had he had an attorney, *id.*, and from our review of the record, we are satisfied that Claimant in this matter received all the deference that he was due. For these reasons, Claimant's second argument also lacks merit.

6

Accordingly, we affirm the order of the Board.


_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jon Galante,                              :
                    Petitioner     :
                               :
                               :
             v.                          :     No. 1962 C.D. 2015
                               :
Unemployment Compensation                 :
Board of Review,                          :
                 Respondent    :

## **O R D E R**

AND NOW, this 14th day of July, 2016, the order of the Unemployment Compensation Board of Review is hereby affirmed.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge