IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander Kuna,                          :
                                         :
                    Petitioner           :
                                         :
            v.                           : No. 135 C.D. 2016
                                         : Submitted: August 11, 2017
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: October 31, 2017


            Alexander Kuna (Claimant) petitions for review of the December 28,
2015 order of the Unemployment Compensation Board of Review (Board), which
held that Claimant is ineligible for unemployment compensation under Section
402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

            Claimant worked as a laborer for Primrose Landscaping LLC
(Employer) from April 8, 2014, until August 28, 2015, when Employer discharged
Claimant for leaving work early.  The local service center determined that Claimant

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(e).  Section 402(e) provides that an employee shall be ineligible for compensation for any
week in which her unemployment is due to her discharge or temporary suspension from work for
willful misconduct connected with her work.

was eligible for benefits, and Employer appealed. A referee held a hearing on October 29, 2015, at which both parties participated without the benefit of counsel.

Tim Primrose, Employer's owner, testified that Employer's policy requires employees to notify Employer by 6:45 a.m. if they will need to leave work that day for any reason. Primrose stated that on August 28, 2015, Claimant approached him about 90 minutes into the day and said that he had to leave early to go to Urgent Care. Primrose stated that employees start work at 7:00 a.m. and have an open ending, depending on when the job is completed. He explained that the work crew traveled together in one vehicle and said that he denied Claimant permission to leave early because Claimant had not given Employer notice at the beginning of the day, when other arrangements could have been made. Primrose stated that the crew returned from the job site early, without completing the work, so that Claimant could go to Urgent Care.

Claimant acknowledged that Primrose discharged him, but he denied that he left work early. He said that the crew typically finished work at 2:30 or 3:00 p.m., and he had planned to go to an urgent care center at 4:00 that day because he had excruciating back pain. Claimant testified that he advised Dave, his supervisor, between 6:30 a.m. and 6:45 a.m. that he planned to see the doctor. He said that Dave did not give him a definitive answer, but the employees decided to end work for the day, before the job was completed, so Claimant could go to the doctor. Claimant acknowledged that he might have been able to go to an urgent care center after 4:00, or on the following day, which was a Saturday.

The referee reversed the local service center's determination and held that Claimant was ineligible for benefits under Section 402(e) of the Law. Claimant appealed to the Board, which credited Primrose's testimony and rejected Claimant's

2

contrary testimony. Based on those credibility determinations, the Board issued the following Findings of Fact:

> 1. [Claimant] was last employed as a laborer by [Employer] from April 8, 2014, at a final rate of pay of $12.50 an hour and his last day of work was August 28, 2015.
>
> 2. [Claimant] was or should have been aware that [Employer] required an employee to notify it in advance if he had a doctor's appointment.
>
> 3. [Claimant] was or should have been aware that if he needed to leave work for any reason, he was to inform [Employer] by 6:45 a.m.
>
> 4. On August 28, 2015, [Claimant] decided he would walk-in [sic] to an urgent care clinic at 4:00 p.m.; [Claimant] did not make an appointment.
>
> 5. On or around 8:00 a.m., while [Claimant] was at the jobsite, the owner appeared and [Claimant] informed him that he would be leaving early to go to urgent care.
>
> 6. The owner told [Claimant] he could not leave early because [Claimant] did not inform him in advance, the job needed to be completed, and no one could take [Claimant] back.
>
> 7. Around 3:00 p.m., the owner learned that [Claimant] had left early to go to the urgent care clinic and the job was not completed.
>
> 8. [Claimant] was discharged for leaving early without completing his duties after he was told not to leave by the owner.

Board's Findings of Fact. Nos. 1-8. Citing Primrose's credible testimony, the Board determined that Claimant left early without permission. The Board specifically discredited Claimant's testimony and noted Claimant's admissions that he did not

3

have an appointment scheduled and could have gone to the urgent care clinic on Saturday when he was not working. Accordingly, the Board affirmed the referee's decision and held that Claimant was discharged for willful misconduct, rendering him ineligible for benefits under Section 402(e) of the Law.

On appeal to this Court,[2] Claimant argues that: he had good cause for leaving work early; the Board's findings are not supported by substantial evidence; and the Board should have evaluated his eligibility for benefits under Section 402(b) of the Law 43 P.S. §802(b) (related to voluntary termination of employment).

Preliminarily, we note that while the Law does not define the term willful misconduct, our courts have defined it as including: an act of wanton and willful disregard of the employer's interests; a deliberate violation of the employer's rules; a disregard of a standard of behavior which the employer has the right to expect; or negligence rising to the level of an intentional disregard of the employer's interests or the employee's duties and obligations. *Johns v. Unemployment Compensation Board of Review,* 87 A.3d 1006, 1009 (Pa. Cmwlth. 2014). An employer bears the burden of proving willful misconduct. *Id.* at 1010. Once the employer meets its burden, the burden then shifts to the claimant to demonstrate good cause for his actions. *Id.* Whether a claimant's actions rose to the level of willful misconduct is a question of law reviewable by this Court. *Guthrie v. Unemployment Compensation Board of Review,* 738 A.2d 518, 521 (Pa. Cmwlth. 1999).

---

[2] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 n.4 (Pa. Cmwlth. 2010).

Citing *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631 (Pa. 1976),[3] Claimant first argues that the Board erred in failing to determine that his excruciating back pain was good cause for his leaving work early. However, while Claimant testified that he wanted to go to a medical clinic because he was in excruciating pain, he did not state that he informed Primrose or his supervisor that his pain was excruciating or that his need was urgent, and there is no evidence that he complained of pain while he worked during the day. Moreover, the Board specifically discredited Claimant's testimony. The Board is the ultimate fact-finder in unemployment proceedings, empowered to determine the credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). The Board's findings are conclusive on appeal where they are supported by substantial evidence. *Id.*

Claimant contends that the Board's findings of fact are *not* supported by substantial evidence. In this regard, he complains that the Board failed to provide any rationale for its credibility determinations or address the inconsistencies between the testimony of Claimant and Primrose. However, the Board did address the inconsistencies in testimony by way of its credibility determinations, and the Board's

---

[3] In *Frumento*, the Supreme Court emphasized the remedial nature of the Law and held that a reviewing court must consider the reason proffered by the employee for his conduct, explaining that:

> where the action of the employee is justifiable or reasonable under the circumstances it can not be considered wilful misconduct since it can not properly be charged as a wilful disregard of the employer's intents or rules or the standard of conduct the employer has a right to expect.

*Id.* at 634.

5

credibility determinations "are not subject to re-evaluation" on appeal. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1388 (Pa. 1985).

. Finally, Claimant argues that the Board erred in failing to consider his eligibility for benefits as a voluntary quit under Section 402(b) of the Law. Claimant did not raise this argument before the Board and, therefore, it is waived for purposes of appeal. Pa. R.A.P. 1551(a). Moreover, Claimant testified that Primrose fired him on August 28, 2015. N.T. at 5-6.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

Judge Cosgrove dissents and wishes to be so noted.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander Kuna,                    :
                                   :
                    Petitioner     :
                                   :
          v.                       : No. 135 C.D. 2016
                                   :
Unemployment Compensation          :
Board of Review,                   :
                                   :
                    Respondent     :


O R D E R


AND NOW, this 31st day of October, 2017, the order of the Unemployment Compensation Board of Review, dated December 28, 2015, is affirmed.


_____
MICHAEL H. WOJCIK, Judge