# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Fresh Foods, LLC,     :
           Petitioner     :
    :
      v.     :   No.  140 C.D. 2017
    :   SUBMITTED:  September 29, 2017
Unemployment Compensation     :
Board of Review,     :
           Respondent     :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED:  November 14, 2017**


Philadelphia Fresh Foods, LLC (Employer) petitions for review of the December 30, 2016, order of the Unemployment Compensation Board of Review (Board), which reversed the referee's decision denying Anthony Watson (Claimant) unemployment compensation (UC) benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] for willful misconduct.  We affirm.

Claimant applied for UC benefits following his termination from employment with Employer, and the Lancaster UC Service Center (Department)

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for benefits for any week "[i]n which his unemployment is due to his discharge … from work for willful misconduct connected with his work."  43 P.S. § 802(e).

denied benefits pursuant to Section 402(e) of the Law, 43 P.S. § 802(e). (R.R. at 29a.) Claimant appealed to a referee, who conducted a hearing at which Claimant and three witnesses for Employer appeared and testified. Subsequently, the referee issued a decision affirming the Department and denying Claimant UC benefits under Section 402(e) of the Law, 43 P.S. § 802(e). (R.R. at 85a.)

Claimant appealed to the Board, which made the following findings of fact:

1. Philadelphia Fresh Foods LLC employe[d] the claimant from June 11, 2015 through August 15, 2016, earning $70,000 per year.

2. The employer maintains a policy, that the claimant should have been aware of, prohibiting workplace violence and defines it as such: (1) physical assault or threats of physical harm to oneself or others; (2) verbal abuse, including vulgar or obscene language, derogatory comments[,] verbal intimidation, excessive criticism, name calling or any threatening comments; (3) conduct that threatens, intimidates, or coerces another team member, a guest, or a member of the public at any time, including off-duty periods, will not be tolerated. This prohibition includes all acts of harassment including harassment that is based on an individual's sex, race, age, color, national origin, sexual orientation or any characteristic protected by Federal, State, or Local Law.

3. The employer's policy provides for disciplinary actions including termination.

4. On August 4, 2016, a group gathered outside the employer's restaurant to protest the killing of a black female by a police officer.

5. Both the claimant and the Assistant Manager went outside to talk with the police and protestors.

6. The Assistant Manager noticed the conversation between the claimant and the protestors was escalating and convinced the claimant to go back in the store.

7. The employer received a complaint from one of the individuals involved in the protest about the claimant.

8. The employer discharged the claimant for allegedly violating its policy prohibiting workplace violence.

(Board's Findings of Fact (F.F.) Nos. 1-8.)  The Board found Employer discharged Claimant for violating its policy prohibiting workplace violence by allegedly saying "People like you are the reason your men are killing each other." (Board's Decision (Dec.) at 2.)  The Board, however, found that Claimant credibly testified that he did not make this statement or any other disparaging comments to the protestors. (Board's Dec. at 2.)  The Board, therefore, determined Claimant was not ineligible for benefits under Section 402(e) of the Law, 43 P.S. § 802(e), and reversed the referee's decision and granted Claimant UC benefits.  (Board's Dec. at 2-3.)

Employer now petitions this Court for review of the Board's order. Employer argues that the Board erred by reversing the referee's factual findings and by concluding that Claimant's conduct did not constitute willful misconduct.[2]

The employer bears the burden of proving that the employee engaged in willful misconduct connected with his work.  *See* Section 402(e) of the Law, 43 P.S. § 802(e); *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d

---

[2] Because these arguments raise questions of law, our review is plenary. *Navickas v. Unemployment Compensation Board of Review*, 787 A.2d 284, 288 (Pa. 2001) (stating whether activity constitutes willful misconduct is a question of law subject to plenary review).

603, 606 (Pa. Cmwlth. 2011). Whether an employee's conduct constitutes willful misconduct is a question of law subject to this Court's review. *Chapman*, 20 A.3d at 606. Willful misconduct has been defined as conduct that represents: (1) a wanton or willful disregard of an employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior that the employer can rightfully expect from its employees; or (4) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Id*. at 606-07. Where a charge of willful misconduct is based on the violation of a work rule, the employer must prove the existence of the rule and its violation by the employee. *Eagle v. Unemployment Compensation Board of Review*, 659 A.2d 60, 62 (Pa. Cmwlth. 1995).

Employer argues that there is overwhelming evidence establishing that Claimant engaged in a verbal altercation with prospective customers over the subject of their protest, and that Claimant's conduct constituted willful misconduct under any of the four definitions set forth above. Employer points out that there was testimony that Claimant called the group a derogatory term, and that the referee found that during Employer's investigation, Claimant admitted making a statement similar to "It's people like you, that's the reason your men are killing each other." (Referee's F.F. No. 13.) Employer also points out that the referee found that the assistant manager had to physically remove Claimant from the group. (Referee's F.F. No. 9.) Employer maintains that Claimant acted contrary to its policy of welcoming any groups organizing in the courtyard near its premises by offering the groups free food samples. Employer argues that because the referee's findings were supported by "overwhelming evidence," (Claimant's brief at 13), the Board erred in

4

reversing the referee when the Board did not take any further testimony and did not observe the witnesses. In support of its position, Employer relies on our Supreme Court's decision in *Treon v. Unemployment Compensation Board of Review*, 453 A.2d 960 (Pa. 1982). Employer's arguments are without merit.

> In explaining the *Treon* decision, this Court stated:
>
> In *Treon*, the Board rejected a referee's finding that was based on the consistent, uncontradicted testimony of one witness. *Treon*, 453 A.2d at 961. The Pennsylvania Supreme Court held the Board could not disregard a referee's findings of fact based on consistent, uncontradicted testimony without stating its reasons for doing so. *Id*. at 962–963. However, the court explicitly limited its holding, noting "[i]n this case ... we are concerned not with findings made by the Board, but with findings made by the referee which the Board failed to adopt." *Id*. at 962. Further, "[t]he Board certainly had the right to disbelieve [the claimant's] testimony, even though that testimony was uncontradicted." *Id*. Thus, our Supreme Court found error in the Board's unexplained failure to adopt a crucial finding of the referee that was based on uncontradicted evidence.

*Chapman,* 20 A.3d at 612 (citations to Pa. reporter omitted).

Employer mistakenly relies on *Treon* for the proposition that the Board must defer to the referee's findings. Employer "fails to recognize that where factual matters are in dispute, and both sides offer testimony, the Board is the ultimate finder of fact with power to substitute its judgment for that of its referees." *Chapman,* 20 A.3d at 612.

5

At the hearing, Claimant denied calling the protestors a derogatory term and denied making the statement as alleged by Employer. (R.R. at 76a, 78a-79a; *see* R.R. at 75a, Board's decision at 2.) Claimant also disputed having to be physically removed from the situation. (R.R. at 77a; *see* Board's F.F. No. 6.) Claimant testified that he was the one being threatened and that he felt intimidated. (R.R. at 79a; *see* Board's decision at 2.) The Board recognized that there was a conflict between the testimony of Employer's witnesses and Claimant's testimony. (Board's decision at 2.) Unlike the referee, however, the Board chose to credit the conflicting testimony in favor of Claimant, not Employer. (Board's decision at 2.) It was within the Board's power to disagree with the referee's factual resolution of conflicting evidence. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1387 (Pa. 1985); *see* Section 504 of the Law, 43 P.S. § 824 (stating that the Board may reverse the determination of the department or referee on the basis of the evidence previously submitted in the case).

Given the facts as found by the Board,[3] we cannot conclude that Claimant committed willful misconduct. Employer's argument that Claimant's actions rose to the level of willful misconduct is premised on its preferred version of the facts, which is contrary to the facts found by the Board. As the Board points out, Employer's argument is nothing more than an invitation for this Court to re-weigh the evidence, which we cannot do in our appellate role. *See Stringent v. Unemployment Compensation Board of Review*, 703 A.2d 1084, 1087 (Pa. Cmwlth.

---

[3] Where, as here, the Board's findings of fact are supported by substantial evidence, we are bound by those findings. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977). Moreover, Employer has not challenged any specific findings of fact, so the findings are now binding on this Court. *Salamak v. Unemployment Compensation Board of Review*, 497 A.2d 951, 954 (Pa. Cmwlth. 1985).

6

1997) (stating that questions of credibility and evidentiary weight to be given to conflicting testimony are matters for the Board as factfinder and not for a reviewing court).

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Fresh Foods, LLC,    :
                Petitioner    :
                                        :
          v.               :   No.  140 C.D. 2017
                                          :
Unemployment Compensation    :
Board of Review,    :
                Respondent    :

# **O R D E R**

AND NOW, this 14th day of November, 2017, we hereby affirm the order of the Unemployment Compensation Board of Review in the above-captioned matter.

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge